**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** ERIE

------------------------------------------------------------x

CARL M. MILLER

Plaintiff/Petitioner,

- against -                                        Index No. 811385/2017

COUNTY OF ERIE, ET. AL.

Defendant/Respondent.

------------------------------------------------------------x

## NOTICE OF COMMENCEMENT OF ACTION
## SUBJECT TO MANDATORY ELECTRONIC FILING

PLEASE TAKE NOTICE that the matter captioned above has been commenced as an electronically filed case in the New York State Courts Electronic Filing System ("NYSCEF") as required by CPLR § 2111 and Uniform Rule § 202.5-bb (mandatory electronic filing). This notice is being served as required by that rule.

NYSCEF is designed for the electronic filing of documents with the County Clerk and the court and for the electronic service of those documents, court documents, and court notices upon counsel and unrepresented litigants who have consented to electronic filing.

Electronic filing offers significant benefits for attorneys and litigants, permitting papers to be filed with the County Clerk and the court and served on other parties simply, conveniently, and quickly. NYSCEF case documents are filed with the County Clerk and the court by filing on the NYSCEF Website, which can be done at any time of the day or night on any day of the week. The documents are served automatically on all consenting e-filers as soon as the document is uploaded to the website, which sends out an immediate email notification of the filing.

The NYSCEF System charges no fees for filing, serving, or viewing the electronic case record, nor does it charge any fees to print any filed documents. Normal filing fees must be paid, but this can be done on-line.

**Parties represented by an attorney:** An attorney representing a party who is served with this notice must either: 1) immediately record his or her representation within the e-filed matter on the NYSCEF site; or 2) file the Notice of Opt-Out form with the clerk of the court where this action is pending. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the operational knowledge to comply with e-filing requirements. [Section 202.5-bb(e)]

**Parties not represented by an attorney: Unrepresented litigants are exempt from e-filing. They can serve and file documents in paper form and must be served with documents in paper form.** However, an unrepresented litigant may participate in e-filing.

EFM-1

For information on how to participate in e-filing, unrepresented litigants should contact the appropriate clerk in the court where the action was filed or visit www.nycourts.gov/efile-unrepresented. Unrepresented litigants also are encouraged to visit www.nycourthelp.gov or contact the Help Center in the court where the action was filed. An unrepresented litigant who consents to e-filing may cease participation at any time. However, the other parties may continue to e-file their court documents in the case.

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

Dated:  08/17/2017

_____          4819 South Park Avenue
_____          _____
              Signature                              Address

Leonard D. Zaccagnino                     Hamburg, NY 14075
_____          _____
               Name

Shaw & Shaw, P.C.                         (716) 648-3020
_____          _____
            Firm Name                               Phone

                                          lzaccagnino@shawlawpc.com
                                          _____
                                                   E-Mail

To:      _____

         _____

         _____

9/3/15

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE

_____

CARL M. MILLER
171 Kokomo Street
Buffalo, NY 14043

           Plaintiff,                       **SUMMONS**

        -vs-

COUNTY OF ERIE
95 Franklin Street
Buffalo, NY 14202

DEPARTMENT OF SHERIFF
OF ERIE COUNTY
10 Delaware Avenue
Buffalo, NY 14202

TIMOTHY B. HOWARD
Erie County Sheriff
10 Delaware Avenue
Buffalo, NY 14202

THOMAS DIINA
Superintendent
Jail Management Division
Erie County Sheriff's Office
40 Delaware Avenue
Buffalo, NY 14202

LIEUTENANT KRZYSZTOF KANIA
1385 Abbott Road #87
Buffalo, NY 14218

SARGENT CHRISTIAN J. SUNDBERG
107 Argus Drive
Depew, NY 14043

OFFICER DEANNA J. LATES
4332 East Frontier Drive
Buffalo, NY 14219

LIEUTENANT KAREN A. YETZER
464 Town Line Road
Lancaster, NY 14086

OFFICER KEITH L. ROBERTS
Erie County Correctional Facility
11581 Walden Avenue
Alden, NY 14004

SARGENT RICHARD J. KOZACZKA
79 Homer Street
Buffalo, NY 14216

OFFICER D. PAUL ROBINSON
12 Saint Joseph Drive
Lancaster, NY 14086

OFFICER TIMOTHY M. WANAT
1166 Cleveland Drive
Cheektowaga, NY 14225

DAVID JULIAN, PA
Erie County Correctional Facility
11581 Walden Avenue
Alden, NY 14004

JAMES THOMAS
c/o Erie County Holding Center
10 Delaware Avenue
Buffalo, NY 14202

JOSEPH DAMICO
c/o Greene Correctional Facility
165 Plank Road
Coxsackie, NY 12051

ARIEL SIMMS
1457 East Delavan Avenue #2
Buffalo, NY 14215

ROBERT GIBBENS, RN
Erie County Correctional Facility
11581 Walden Avenue
Alden, NY 14004

MAXIM HEALTHCARE SERVICES, INC.
Individually and doing business as
MAXIM STAFFING SOLUTIONS
7227 Lee DeForest Drive
Columbia, MD 21046

MAXIM HEALTHCARE SERVICES, INC.
Individually and doing business as
MAXIM PHYSICIAN RESOURCES
7227 Lee DeForest Drive
Columbia, MD 21046

JOHN DOES 1-10
Individually and as employees of the
Erie County Sheriff's Department
10 Delaware Avenue
Buffalo, NY 14202

                              Defendants

_____

**TO THE ABOVE-NAMED DEFENDANTS:**

        **YOU ARE HEREBY SUMMONED AND REQUIRED** to serve upon the

plaintiff's attorneys, at the address stated below, a written Answer to the attached Complaint.

        If this Summons is served upon you within the State of New York by personal

service you must respond within TWENTY (20) days after service, not counting the day of

service.  If this Summons is not personally delivered to you within the State of New York you

must respond within THIRTY (30) days after service is completed, as provided by law.

        If you do not respond to the attached Complaint within the applicable time

limitation stated above a Judgment will be entered against you, by default, for the relief

demanded in the Complaint, without further notice to you.

        Plaintiff designates Erie County as the place of trial.  The basis of venue is

plaintiff's residence.

DATED:        August 1, 2017
              Hamburg, New York

SHAW & SHAW, P.C.

Leonard D. Zaccagnino
Attorneys for Plaintiff
4819 South Park Avenue
Hamburg, New York 14075
(716) 648-3020 Telephone
(716) 648-3730 Fax
lzaccagnino@shawlawpc.com

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE

_____

CARL M. MILLER
171 Kokomo Street
Buffalo, NY 14043

             Plaintiff,                     **COMPLAINT**

        -vs-

COUNTY OF ERIE
95 Franklin Street
Buffalo, NY 14202

DEPARTMENT OF SHERIFF
OF ERIE COUNTY
10 Delaware Avenue
Buffalo, NY 14202

TIMOTHY B. HOWARD
Erie County Sheriff
10 Delaware Avenue
Buffalo, NY 14202

THOMAS DIINA
Superintendent
Jail Management Division
Erie County Sheriff's Office
40 Delaware Avenue
Buffalo, NY 14202

LIEUTENANT KRZYSZTOF KANIA
1385 Abbott Road #87
Buffalo, NY 14218

SARGENT CHRISTIAN J. SUNDBERG
107 Argus Drive
Depew, NY 14043

OFFICER DEANNA J. LATES
4332 East Frontier Drive
Buffalo, NY 14219

LIEUTENANT KAREN A. YETZER
464 Town Line Road
Lancaster, NY 14086

OFFICER KEITH L. ROBERTS
Erie County Correctional Facility
11581 Walden Avenue
Alden, NY 14004

SARGENT RICHARD J. KOZACZKA
79 Homer Street
Buffalo, NY 14216

OFFICER D. PAUL ROBINSON
12 Saint Joseph Drive
Lancaster, NY 14086

OFFICER TIMOTHY M. WANAT
1166 Cleveland Drive
Cheektowaga, NY 14225

DAVID JULIAN, PA
Erie County Correctional Facility
11581 Walden Avenue
Alden, NY 14004

JAMES THOMAS
c/o Erie County Holding Center
10 Delaware Avenue
Buffalo, NY 14202

JOSEPH DAMICO
c/o Greene Correctional Facility
165 Plank Road
Coxsackie, NY 12051

ARIEL SIMMS
1457 East Delavan Avenue #2
Buffalo, NY 14215

ROBERT GIBBENS, RN
Erie County Correctional Facility
11581 Walden Avenue
Alden, NY 14004

MAXIM HEALTHCARE SERVICES, INC.
Individually and doing business as
MAXIM STAFFING SOLUTIONS
7227 Lee DeForest Drive
Columbia, MD 21046

Case 1:17-cv-00928-LAW-LGF Document 1-1 Filed 09/18/17 Page 9 of 32

MAXIM HEALTHCARE SERVICES, INC.
Individually and doing business as
MAXIM PHYSICIAN RESOURCES
7227 Lee DeForest Drive
Columbia, MD 21046

JOHN DOES 1-10
Individually and as employees of the
Erie County Sheriff's Department
10 Delaware Avenue
Buffalo, NY 14202

                              Defendants.

_____

        Plaintiff, by his undersigned counsel, alleges, upon personal knowledge, and upon

information and belief as to all other matters, as follows:

        1.      This is an action to redress the deprivation by the defendants of the rights

secured to plaintiff by the United States Constitution, New York State Constitution, and federal and

state statute.

        2.      On September 29 and 30, 2016, plaintiff was in the custody and control and

under the supervision of defendants **County of Erie** ("County"), **Department of Sheriff of Erie

County** ("Sheriff"), **Timothy B. Howard** ("Howard"), **Thomas Diina** ("Diina"), **Lieutenant

Krzysztof Kania** ("Kania"), **Sargent Christian I. Sundberg** ("Sundberg"), **Officer Deanna J.

Lates** ("Lates"), **Lieutenant Karen A. Yetzer** ("Yetzer"), **Officer Keith L. Roberts** ("Roberts"),

**Sargent Richard J. Kozaczka, Jr.** ("Kozaczka"), **Officer Paul D. Robinson** ("Robinson"),

**Officer Timothy M. Wanat** ("Wanat"), **David Julian, PA** ("Julian"), **Robert Gibbens, RN**

("Gibbens"), **John Does 1-10, Maxim Healthcare Services, Inc. and Maxim Healthcare Services,

Inc.** (collectively, "Maxim") and housed in the Erie County Correctional Facility located in Alden,

New York.

                              Page 3 of 26

3.    That at the same time and place, defendants **James Thomas** ("Thomas"), **Joseph Damico** ("Damico") and **Ariel Simms** ("Simms") were also under the custody and control and under the supervision of defendants **County of Erie** ("County"), **Department of Sheriff of Erie County** ("Sheriff"), **Timothy B. Howard** ("Howard"), **Thomas Diina** ("Diina"), **Lieutenant Krzysztof Kania** ("Kania"), **Sargent Christian I. Sundberg** ("Sundberg"), **Officer Deanna J. Lates** ("Lates"), **Lieutenant Karen A. Yetzer** ("Yetzer"), **Officer Keith L. Roberts** ("Roberts"), **Sargent Richard J. Kozaczka, Jr.** ("Kozaczka"), **Officer Paul D. Robinson** ("Robinson"), **Officer Timothy M. Wanat** ("Wanat") and **John Does 1-10** and were housed in the Erie County Holding Center and Erie County Correctional Facility located in Alden, New York.

### The Parties

4.    By virtue of the application of one or more of the exemptions listed in Section 1602 of Article 16 of the CPLR, the limitations and liability imposed by that Article do not apply to the cause or causes of action set forth herein.

5.    Plaintiff at all times hereinafter mentioned, was and continues to be, a resident of the City of Buffalo, County of Erie, and State of New York.

6.    Upon information and belief, and at all times hereinafter mentioned, defendant County is a duly organized municipal corporation within the State of New York and, as such, is subjected and empowered to sue and be sued in the Supreme Court of the State of New York.

7.    Upon information and belief, and at all times hereinafter mentioned, defendant Sheriff was and still is a police agency formed and existing under the laws of the State of New York, was and continues to be a governmental subdivision of defendant County.

Case 1:17-cv-00928-LAW-LGF   Document 1-1   Filed 09/18/17   Page 11 of 32

8. Upon information and belief, and at all times hereinafter mentioned, defendant Howard was and is a resident of the County of Erie, State of New York, and was and still is an employee of defendants County and Sheriff.

9. Upon information and belief, and at all times hereinafter mentioned, defendant Diina was and is a resident of the County of Erie, State of New York, and was and continues to be an employee of defendants County and Sheriff.

10. Upon information and belief, and at all times hereinafter mentioned, defendant Kania was and is a resident of the County of Erie, State of New York, and was and continues to be an employee of defendants County and Sheriff.

11. Upon information and belief, and at all times hereinafter mentioned, defendant Sundberg was and is a resident of the County of Erie, State of New York, and was and continues to be an employee of defendants County and Sheriff.

12. Upon information and belief, and at all times hereinafter mentioned, defendant Lates was and is a resident of the County of Erie, State of New York, and was and continues to be an employee of defendants County and Sheriff.

13. Upon information and belief, and at all times hereinafter mentioned, defendant Yetzer was and is a resident of the County of Erie, State of New York, and was and continues to be an employee of defendants County and Sheriff.

14. Upon information and belief, and at all times hereinafter mentioned, defendant Roberts was and is a resident of the County of Erie, State of New York, and was and continues to be an employee of defendants County and Sheriff.

15. Upon information and belief, and at all times hereinafter mentioned, defendant Kozaczka was and is a resident of the County of Erie, State of New York, and was and continues to be an employee of defendants County and Sheriff.

16.     Upon information and belief, and at all times hereinafter mentioned, defendant Robinson was and is a resident of the County of Erie, State of New York, and was and continues to be an employee of defendants County and Sheriff.

17.     Upon information and belief, and at all times hereinafter mentioned, defendant Wanat was and is a resident of the County of Erie, State of New York and was and continues to be an employee of defendants County and Sheriff.

18.     Upon information and belief, and at all times hereinafter mentioned, defendants John Does were and are residents of the County of Erie, State of New York and were and continue to be employees of defendants County and Sheriff.

19.     That upon information and belief, and at all times hereinafter mentioned, defendants Maxim were and are foreign business corporations authorized and existing under and by virtue of the laws of Maryland, and authorized to conduct business in New York State, and do so under the trade name Maxim Staffing Solutions and/or Maxim Physician Resources.

20.     That upon information and belief, defendant Julian was and continues to be a resident of Erie County, New York and was, at all times hereinafter mentioned, an employee of defendants Maxim and/or County and/or Sheriff.

21.     That upon information and belief, defendant Gibbens was and continues to be a resident of Erie County, New York and was, at all times hereinafter mentioned, an employee of defendants Maxim and/or County and/or Sheriff.

22.     Upon information and belief, at all times hereinafter mentioned, defendant **James Thomas** ("Thomas") was and continues to be a resident of the County of Erie and State of New York.

Case 1:17-cv-00928-LAW-LGF Document 1-1 Filed 09/18/17 Page 13 of 32

23. Upon information and belief, at all times hereinafter mentioned, defendant **Joseph Damico** ("Damico") was and continues to be a resident of the County of Erie and State of New York.

24. Upon information and belief, at all times hereinafter mentioned, defendant **Ariel Simms** ("Simms") was and continues to be a resident of the County of Erie and State of New York.

### Conditions Precedent

25. That on November 3, 2016, plaintiff caused defendants County, Erie, Sheriff, Howard and Diina to be personally served with a Notice of Claim pursuant to the Laws of the State of New York relating to the allegations of the Complaint herein.

26. That on July 10, 2017, plaintiff submitted to an oral examination by the defendants County, Sheriff, Howard and Diina pursuant to Section 50-e of the General Municipal Law.

27. That the plaintiff has otherwise exhausted any and all administrative remedies relating to the action herein.

28. That more than 30 days have passed since the service of the Notice of Claim herein, and the defendants have failed, declined, or otherwise refused to pay the claim herein.

**AS AND FOR A SEPARATE AND DISTINCT CAUSE OF ACTION AGAINST DEFENDANTS, COUNTY, SHERIFF, HOWARD, DIINA, KANIA, SUNDBERG, LATES, YETZER, ROBERTS, KOZACZKA, ROBINSON, WANAT AND JOHN DOES, PLAINTIFF ALLEGES UPON INFORMATION AND BELIEF:**

29. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs of this Complaint as if the same were more fully set forth herein.

30.     That on or about September 2, 2016, plaintiff was arrested in the City of Buffalo and charged with various violations of the Penal Law of the State of New York.

31.     He was thereafter remanded to the custody, control and supervision of all the defendants to await trial on the above charges.

32.     That the plaintiff was thereafter housed for custody at the Erie County Holding Center and thereafter, at the Correctional Facility in Alden, New York, which facilities are under the care, custody and control of defendants.

33.     That upon information and belief, the plaintiff, while under the care, custody, and control of defendants, plaintiff was assaulted and did sustain serious personal injuries as a result of that assault while incarcerated at the Erie County Correctional Facility.

34.     That as a result of the aforesaid conduct, plaintiff suffered severe and permanent injuries, has and will continue to incur medical and hospital expenses related to his care, treatment and attempted cure of said injuries and residual effects thereof, has been and may be further subjected to the impairment of his earnings, future earnings and/or future earning capacity as a result of the injuries sustained.

35.     That upon information and belief, the incident herein described and the resultant injuries and damages sustained were caused as a result of the negligence, carelessness, reckless and/or unlawful conduct on the part of the agents, servants and/or employees of all of the defendants herein, more particularly:

(a)     in failing to appropriately supervise and observe the plaintiff while he was incarcerated;

(b)     in failing and omitting to ensure the plaintiff was provided and supplied with the necessary supervision and facilities for the prevention of the plaintiff's injuries, particularly when the defendants had actual and constructive knowledge and information regarding the plaintiff's risk for injury;

Page 8 of 26

(c)  — In failing to properly screen and evaluate the plaintiff for the risk of personal injury;

(d)  negligently, carelessly and failing and admitting to train employees, including, but not limited to the screening of inmates for risk of injury;

(e)  causing, allowing and permitting untrained employees, but not limited to its supporting staff to screen inmates for risk of injury;

(f)  negligently, carelessly and recklessly failing and omitting to provider persons such as the plaintiff with any notice or warning of the lack of knowledge of the staff of the defendants;

(g)  causing, allowing and permitting untrained personnel to the needs of the inmates;

(h)  negligently, carelessly and recklessly supervising its employees performance of their duties;

(i)  failing and omitting to ensure the plaintiff was provided and supplied with the necessary medical attention;

(j)  failing and omitting to have adequate and comprehensive policies, procedures and/or guidelines established and in place to prevent the lack of acceptable medical care to inmates;

(k)  failing to follow those policies, procedures and/or guidelines already in place at the time of the occurrence herein; and

(l)  that the defendants were otherwise negligent, careless and reckless.

36.  That defendants affirmatively created the dangerous and defective condition described herein.

37.  That as a result of the foregoing, the plaintiff has sustained general and special damages in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

**AS AND FOR A SEPARATE AND DISTINCT CAUSE OF ACTION AGAINST DEFENDANTS, COUNTY, SHERIFF, HOWARD, DIINA, KANIA, SUNDBERG, LATES, YETZER, ROBERTS, KOZACZKA, ROBINSON, WANAT AND JOHN DOES, PLAINTIFF ALLEGES UPON INFORMATION AND BELIEF:**

38.     Plaintiff repeats and realleges the allegations contained in the foregoing paragraphs of this Complaint as if the same were more fully set forth herein.

39.     At the time and place aforesaid, the defendants were acting under color of the law of the State of New York and deprived plaintiff of the privileges and immunities guaranteed to every citizen of the United State by the Fifth, Eighth and Fourteenth Amendments to the United States Constitution, and by reason thereof this Court has jurisdiction over plaintiff's claim for violation of his Federal Civil rights, pursuant to the provisions of 42 U.S.C. §1983.

40.     That all enumerated defendants were acting under color and authority of the Law, and were acting in a capacity as agents, servants and employees of defendants.

41.     That the entire course of conduct of defendants as enumerated above was in violation of plaintiff's federally secured Constitutional rights.

42.     That as a result of the foregoing, the plaintiff has sustained general and special damages in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

43.     That the plaintiff is entitled to an award of attorneys fees for the prosecution of the within action.

## AS AND FOR A SEPARATE AND DISTINCT CAUSE OF ACTION AGAINST DEFENDANTS, COUNTY, SHERIFF, HOWARD, DIINA, KANIA, SUNDBERG, LATES, YETZER, ROBERTS, KOZACZKA, ROBINSON, WANAT AND JOHN DOES, PLAINTIFF ALLEGES UPON INFORMATION AND BELIEF:

44.     Plaintiff repeats and restates the allegations contained in the foregoing paragraphs of this Complaint as if the same were more fully set forth herein.

45.     That the defendants herein had actual and constructive knowledge that plaintiff was in fear for his safety from other inmates.

46.     That the defendants knew that the plaintiff was in need of supervisory incarceration, but failed and/or refused to timely provide such confinement for him when it was necessary in order to prevent plaintiff from being attacked by fellow inmates.

47.     That the defendants had subjective and objective knowledge of the risk of serious harm to the plaintiff if he was not immediately removed from his assigned housing unit, and consciously ignored the risk to plaintiff.

48.     That the conduct of all of the defendants herein amounted to more than mere negligence, and instead, amounted to deliberate indifference to the plaintiff's safety.

49.     That the defendants provided grossly inadequate care and, in fact, took no measures to provide for plaintiff's safety for an unreasonable and inordinate period of time.

50.     That the lack of evaluation and moving of plaintiff to another housing unit caused plaintiff to needlessly suffer pain and may bring about his need for further medical intervention.

51.     That the negligence of the defendants, and his resultant injuries, produced physical injury to the plaintiff.

**AS AND FOR A SEPARATE AND DISTINCT
CAUSE OF ACTION AGAINST THE ALL
DEFENDANTS, PLAINTIFF ALLEGES:**

52.     Plaintiff repeats and realleges each of the allegations contained in the foregoing paragraphs of this Complaint as if the same were more fully set forth herein.

53.     That the policies and procedures, and the willful and wanton conduct of defendants, their agents, servants and employees, reflect a reckless and careless disregard and deliberate indifference for the rights of the plaintiff to receive proper and adequate medical evaluation and attention so as to merit an award of damages against defendants.

54.     That the defendants' actions indicate a willful misconduct, wantonness and want of care which have raised the presumption of conscious indifference to the consequences to plaintiff, thus entitling plaintiff to an award of damages.

**AS AND FOR A SEPARATE AND DISTINCT
CAUSE OF ACTION AGAINST DEFENDANTS
COUNTY, SHERIFF, HOWARD, DIINA,
KANIA, SUNDBERG, LATES, YETZER,
ROBERTS, KOZACZKA, ROBINSON, WANAT
AND JOHN DOES, PLAINTIFF ALLEGES
UPON INFORMATION AND BELIEF:**

**Municipal Liability Pursuant to 42 U.S.C. § 1983**

55.     Plaintiff repeats and restates the allegations contained in the foregoing paragraphs of this Complaint as if the same were more fully set forth herein.

56.     At all times hereinafter mentioned, defendants Kania, Sundberg, Lates, yetzer, Roberts, Kozaczka, Robinson, Wanat and John Does were on duty as corrections officers employed by defendants County, Sheriff, Howard and Diina.

57.     That said defendants were acting under the color of law, and did cause the deprivation of plaintiff's Constitutional rights by failing to provide an environment free from harm.

58.     That defendants knew plaintiff was housed with other inmates from whom threats of bodily harm had been made, yet failed and refused to take any steps to protect plaintiff.

59.     That prior to the within incident, defendants had received notice from plaintiff of these threats.

60.     That upon information and belief, at all times hereinafter mentioned, it was the policy and custom of defendants County and Sheriff to overlook, excuse and disregard unprovoked acts of violence by its inmates against each other.

61.     That upon information and belief, it was the policy, custom and practice of defendants to overlook disputes among inmates.

62.     That upon information and belief, by overlooking, excusing or disregarding the wrongful conduct of the defendants Thomas, Damico and Simms, these defendants have adopted a rule or unwritten rule, or defendants have established a policy or custom of deliberate indifference to unlawful conduct as complained of herein.

63.     That defendants' failure to take measures to train and supervise its officers and inmates and to curb assaults on members of the general public by inmates was a proximate cause of the constitutional violations alleged herein.

**AS AND FOR A SEPARATE AND DISTINCT CAUSE OF ACTION AGAINST DEFENDANTS COUNTY, SHERIFF, HOWARD, DIINA, KANIA, SUNDBERG, LATES, YETZER, ROBERTS, KOZACZKA, ROBINSON, WANAT AND JOHN DOES, PLAINTIFF ALLEGES UPON INFORMATION AND BELIEF:**

**Respondeat Superior/Vicarious Liability**

64.     Plaintiff repeats and restates the allegations contained in the foregoing paragraphs of this Complaint as if the same were more fully set forth herein.

Page 13 of 26

65.     That on or about September 29-30, 2016, defendants County, Sheriff, Howard and Diina were responsible for the training, supervision and actions of defendants Kania, Sundberg, Lates, Yetzer, Roberts, Kozaczka, Robinson, Wanat and John Does, and that said defendants Kania, Sundberg, Lates, Yetzer, Roberts, Kozaczka, Robinson, Wanat and John Does were acting within the scope of their employment with said defendants County, Sheriff, Howard and Diina.

66.     That the blatant disregard for the safety of the plaintiff while in the custody of defendants was ratified by defendants County, Sheriff, Howard and Diina, and were in furtherance of the purposes and aims of defendants County, Sheriff, Howard and Diina.

67.     That defendants County, Sheriff, Howard and Diina were willful, wanton, reckless and negligent in employing defendants Kania, Sundberg, Lates, Yetzer, Roberts, Kozaczka, Robinson, Wanat and John Does.

68.     That by reason of the foregoing, plaintiff suffered severe, painful, permanent and personal injuries; was rendered sick, sore lame and disabled, and has suffered a loss of enjoyment and quality of life.

**AS AND FOR A SEPARATE AND DISTINCT CAUSE OF ACTION AGAINST DEFENDANTS COUNTY, SHERIFF, GIBBENS, JULIAN AND MAXIM, PLAINTIFF ALLEGES:**

69.     Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs of this Complaint as if the same were more fully set forth herein.

70.     That upon information and belief, at all times hereinafter mentioned, defendants hired employees, agents, servants and contractors that held themselves out as duly qualified to render proper and adequate medical treatment and services, including providing physical

examinations and medical care to those persons under the care and custody of the defendants, including plaintiff.

71.    That upon information and belief, at all times hereinafter mentioned, defendants, through their employees, agents, servants and contractors, failed to render medical evaluation and attention to the plaintiff.

72.    That upon information and belief, from September 2, 2016 up to and including the present time, defendants, through their employees, agents, servants and contractors, failed to provide adequate and essential medical evaluation and care and treatment to the plaintiff.

73.    That by reason of the carelessness, negligence and recklessness and medical malpractice of the defendants through their employees, agents, servants and contractors, in the medical care and treatment and services rendered to and for plaintiff, plaintiff was caused to suffer severe and great bodily injury with accompanying pain and suffering and sustained bodily and emotional injuries of a permanent nature.

74.    That the amount of damages sought in this action exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

**AS AND FOR A SEPARATE AND DISTINCT CAUSE OF ACTION AGAINST THE DEFENDANTS COUNTY, SHERIFF, MAXIM, JULIAN AND GIBBENS, PLAINTIFF ALLEGES:**

75.    Plaintiff repeats and realleges the allegations contained in the foregoing paragraphs of this complaint as if the same were more fully set forth herein.

76.    That upon information and belief, and at all times hereinafter mentioned, defendants County, Sheriff, Maxim, Julian and Gibbens provided physician and nursing services to inmates incarcerated by or within the Erie County Correctional Facility in Alden, New York.

77.     That upon information and belief, and at all times hereinafter mentioned, these defendants were agents, servants and/or employees of defendants County, Sheriff and/or Maxim and were acting within the course of their employment with defendants.

78.     That upon information and belief, at all times hereinbefore and hereafter mentioned, the defendants County, Sheriff, Maxim, Julian and Gibbens committed tortious acts against plaintiff while acting within the scope of their employment.

79.     That said tortious conduct committed by defendants County, Sheriff, Maxim, Julian and Gibbens was ratified by defendants County and Sheriff.

80.     That at the time the tortious acts were committed by defendants County, Sheriff, Maxim, Julian and Gibbens against plaintiff, defendants were acting in a medical and/or supervisory and/or managerial capacity for defendants.

81.     That defendants County and Sheriff, Howard and Diina were willful, wanton, reckless and negligent in employing defendants Maxim, Julian and Gibbens.

82.     By reason of the foregoing, plaintiff suffered severe, painful, permanent and personal injuries, was rendered sick, sore, lame and disabled, and suffered loss of enjoyment of life and that the plaintiff was otherwise damaged.

83.     By reason of the foregoing, defendants are liable to plaintiff for his damages in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction, and plaintiff will seek damages against the defendants in an amount to be proven and determined at the trial of this action.

## AS AND FOR A SEPARATE AND DISTINCT CAUSE OF ACTION AGAINST THE DEFENDANTS MAXIM AND BIVINS, PLAINTIFF ALLEGES:

84.   Plaintiff repeats and realleges each of the allegations contained in the foregoing paragraphs of this Complaint as if the same were more fully set forth herein.

85.   That on or about September 29 and 30, 2016, and thereafter, plaintiff was incarcerated at the Erie County Holding Center and was entitled to receive adequate medical evaluation and care by these defendants, their agents, servants and/or employees, and these defendants were engaged to provide the plaintiff with competent medical care and treatment.

86.   That while incarcerated, plaintiff was assaulted by other inmates, which resulted in serious personal injuries to plaintiff.

87.   That these defendants, their agents, servants and employees, failed, refused and delayed in providing the plaintiff with proper evaluation, assistance and care for an unreasonable and inordinate period of time.

88.   That these defendants, their agents, servants and employees, failed, refused and delayed in providing proper medical treatment for an unreasonable and inordinate period of time despite the need for such care, and the symptoms and objective signs of such injury to plaintiff.

89.   That as a result of the negligence of these defendants, the plaintiff sustained severe and painful personal injuries.

90.   That upon information and belief, the within injuries and damages sustained by plaintiff were caused as a result of the negligence, carelessness and recklessness of these defendants, their agents, servants and/or employees in that they failed to provide plaintiff with proper evaluation and medical services notwithstanding the readily observable injury and known resulting risks; in failing to adequately train employees including, but not limited to, defendant Gibbens and

Page 17 of 26

Julian; in causing, allowing and permitting untrained employees to improperly observe and treat

persons such as the plaintiff; in failing and/or omitting to provide persons such as the plaintiff with

any notice or warning of the lack of knowledge of the staff of these defendants; in failing and

omitting to supervise defendants' personnel in the performance of their duties; in failing and

omitting to insure plaintiff was provided and supplied with any necessary medications and medical

treatment; in failing and omitting to have adequate and comprehensive policies, procedures and/or

guidelines established and in place to care for inmates; in failing to follow those policies, procedures

and/or guidelines already in place at the time of the within occurrence; in failing and refusing to

obtain, provide, furnish, summon, recommend or afford reasonable and necessary medical

evaluation, attention and treatment for the physical conditions of the plaintiff; in failing to provide

medical care in a timely manner; in failing to provide sufficient staffing and budgeting to care for

the plaintiff, and that the defendants were otherwise negligence, careless and reckless.

91.     That as a result, the plaintiff has suffered grievous harm, and has suffered

severe and permanent physical, mental and emotional injuries.

92.     That as a result of defendants' negligence, plaintiff has and will continue to

incur medical and hospital expenses related to plaintiff's care, treatment and attempted cure of said

injuries and residual effects thereof.


## AS AND FOR A SEPARATE AND DISTINCT
## CAUSE OF ACTION AGAINST DEFENDANTS
## THOMAS, DAMICO AND SIMMS, PLAINTIFF
## ALLEGES

### Assault

93.     Plaintiff repeats and re-alleges those allegations contained in the foregoing

paragraphs of this Complaint as if the same were more fully set forth herein.

94.     That on September 29-30, 2016, the plaintiff was incarcerated at the Erie County Correctional Facility in Alden, New York.

95.     Thereafter, defendants Damico and Simms intentionally, and without cause, coerced plaintiff from his cell with the knowledge that defendant Thomas had intentions of assaulting plaintiff.

96.     That thereafter, defendant Thomas did, in fact, repeatedly kicked and beat plaintiff's person, throwing him to the floor.

97.     That said conduct of these defendants resulted in plaintiff sustaining a traumatic brain injury, among other injuries.

98.     Thereafter, defendant Thomas repeatedly kicked plaintiff while plaintiff was on the floor.

99.     That upon information and belief, these defendants did then drag plaintiff from the initial point of contact to another location, in total disregard to the serious nature of plaintiff's injuries.

100.    That the conduct of these defendants was without just cause or provocation, and plaintiff did not consent to such conduct.

101.    That by reason of the foregoing, Plaintiff suffered severe, painful, permanent, and personal injuries; was rendered sick, sore, lame and disabled, and suffered loss of enjoyment and quality of life.

**AS AND FOR A SEPARATE AND DISTINCT
CAUSE OF ACTION AGAINST DEFENDANT
THOMAS, PLAINTIFF ALLEGES:**

**Battery**

102.    Plaintiff repeats and realleges the allegations contained in the foregoing paragraphs of this Complaint as if the same were more fully set forth herein.

Page 19 of 26

103.    That on September 29-30, 2016, while plaintiff was incarcerated at the Erie County Correctional Facility in Alden, New York, defendant Thomas intentionally struck and kicked the plaintiff, and then threw plaintiff to the ground. Thereafter, this defendant did repeatedly kick plaintiff while plaintiff was on the ground.

104.    That defendant Thomas intended to subject the plaintiff to harmful, injurious, and offensive bodily contact.

105.    That defendant Thomas did, in fact, subject the plaintiff to harmful, injurious, and offensive bodily contact.

106.    That the physical contact perpetrated by defendant Thomas was without just cause or provocation, and plaintiff did not consent to such physical contact.

107.    That the force used by defendant Thomas against plaintiff was grossly excessive and patently unreasonable under the circumstances.

108.    That by reason of the foregoing, plaintiff suffered severe, painful, permanent, and personal injuries; was rendered sick, sore, lame and disabled, and suffered loss of enjoyment and quality of life.

**AS AND FOR A SEPARATE AND DISTINCT
CAUSE OF ACTION AGAINST DEFENDANTS
THOMAS, DAMICO AND SIMMS, PLAINTIFF
ALLEGES**

**<u>Intentional Infliction of Emotional Distress</u>**

109.    Plaintiff repeats and realleges the allegations contained in the foregoing paragraphs of this Complaint as if the same were more fully set forth herein.

110.    That on September 29-30, 2016, plaintiff was incarcerated at the Erie County Correctional Facility in Alden, New York.

Page 20 of 26

111. Thereafter after having been coerced into leaving his cell by defendants Damico and Simms,, defendant Thomas intentionally struck and kicked the plaintiff and threw him to the ground.

112. That the aforementioned conduct of defendants was so shocking, extreme and outrageous that it exceeds all reasonable bounds of decency. That there was no justification or reason for the aforementioned conduct of defendants.

113. That by their conduct and under circumstances known to them, defendants intended to cause such severe emotional distress, and such conduct made it substantially certain that such distress would follow.

114. That by his conduct, and under circumstances known to them, defendants acted recklessly and with utter disregard to the consequences of their actions.

115. That the aforementioned conduct of defendants directly and proximately caused the plaintiff's severe emotional injury and distress.

### AS AND FOR A SEPARATE AND DISTINCT CAUSE OF ACTION AGAINST DEFENDANTS THOMAS, DAMICO AND SIMMS, PLAINTIFF ALLEGES:

### Negligent Infliction of Emotional Distress

116. Plaintiff repeats and realleges the allegations contained in the foregoing paragraphs of this Complaint as if the same were more fully set forth herein.

117. That on September 29-30, 2016, plaintiff was incarcerated at the Erie County Correctional Facility when defendants Damico and Simms coerced plaintiff from his cell, defendant Thomas intentionally struck and kicked the plaintiff and threw him to the ground.

118. That the aforesaid conduct and actions of defendants constituted traumatic events which unreasonably endangered the safety of the plaintiff.

Page 21 of 26

Case 1:17-cv-00928-EAW-LGF  Document 1-1  Filed 09/18/17  Page 28 of 32

119. That by reason of the aforesaid conduct and actions of defendants, plaintiff feared for his personal safety.

120. That plaintiff did not consent to the commission of the aforesaid conduct by the defendants.

121. That the conduct of the defendants was not otherwise just, authorized, or privileged.

122. That the aforementioned conduct of defendants was so shocking, extreme and outrageous that it exceeds all reasonable bounds of decency.

123. That the aforementioned conduct of defendants Thomas directly and proximately caused the plaintiff severe emotional injury and distress.

**AS AND FOR A SEPARATE AND DISTINCT CAUSE OF ACTION AGAINST DEFENDANTS COUNTY, SHERIFF, HOWARD, DIINA, KANIA, SUNDBERG AND JOHN DOES, PLAINTIFF ALLEGES**

**Failure to Intervene**

124. Plaintiff repeats and reiterates the allegations contained in the foregoing paragraphs of this Complaint as if the same were more fully set forth herein.

125. That on September 29-30, 2016, plaintiff was incarcerated at the Erie County Correctional Facility in Alden, New York.

126. Thereafter, defendant Thomas struck and kicked the plaintiff, and threw him to the ground.

127. That while defendant Thomas was striking, assaulting and battering the plaintiff, these defendants were within a few feet of the assault sufficient to constitute direct contact between plaintiff and defendant Thomas.

Page 22 of 26

128.    That by their conduct, these defendants assumed a duty to protect plaintiff from the striking, battering and assault by defendant Thomas.

129.    That said defendants knew plaintiff would suffer harm if they did not take timely action to protect him.

130.    That said defendants did not take any steps to protect the plaintiff from the assault by defendant Thomas and, in fact such individuals stood idly by and watched as plaintiff was repeatedly struck by defendant Thomas.

131.    That plaintiff reasonably relied upon the officers assumption of duty that they would protect him from an assault by defendant Thomas.

132.    That by reason of the foregoing, plaintiff suffered severe, painful, permanent, and personal injuries; was rendered sick, sore, lame and disabled, and suffered loss of enjoyment and quality of life.

**AS AND FOR A SEPARATE AND DISTINCT CAUSE OF ACTION AGAINST THE DEFENDANT THOMAS, PLAINTIFF ALLEGES:**

**Negligence**

133.    Plaintiff repeats and realleges the allegations contained in the foregoing paragraphs of this Complaint as if the same were more fully set forth herein.

134.    That upon information and belief, the defendant was negligent, reckless, careless, willful, and wanton in striking, kicking and throwing the plaintiff to the ground, resulting in serious and permanent bodily injuries to the plaintiff.

135.    As a result of the negligence of the defendant Thomas, the plaintiff was injured internally, externally, and permanently in and about the face, head, back, chest, shoulders,

limbs, torso, and nervous system, so that he became and will continue to be disabled and will continue to suffer pain and discomfort, distress, and psychological adjustment.

136. That the plaintiff was at all times, using due care.

137. That by reason of said injuries, the plaintiff required the services of physicians, surgeons, nurses, hospitals, and medicines and will continue to incur such expenses in the future; that as a result of the aforesaid injuries and the resulting disabilities, said plaintiff was incapacitated from his normal activities, may be incapacitated in the future, and as a result of the aforesaid injuries, the future earning capacity of said plaintiff has been partially and/or permanently impaired, and as a result of the aforesaid, the plaintiff was otherwise damaged.

**AS AND FOR A SEPARATE AND DISTINCT CAUSE OF ACTION AGAINST DEFENDANTS COUNTY, SHERIFF, HOWARD, DIINA, KANIA, SUNDBERG, LATES, YETZER, ROBERTS, KOZACZKA, ROBINSON, WANAT AND JOHN DOES, PLAINTIFF ALLEGES:**

### Negligence

138. Plaintiff repeats and realleges the allegations contained in the foregoing paragraphs of this Complaint as if the same were more fully set forth herein.

139. That upon information and belief, the defendants were negligent, reckless, careless, willful, and wanton in failing to keep defendant Thomas from striking, kicking and throwing the plaintiff to the ground, resulting in serious and permanent bodily injuries to the plaintiff.

140. As a result of the negligence of these defendants, the plaintiff was injured internally, externally, and permanently in and about the face, head, back, chest, shoulders, limbs, torso, and nervous system, so that he became and will continue to be disabled and will continue to suffer pain and discomfort, distress, and psychological adjustment.

Page 24 of 26

141. That the plaintiff was at all times, using due care.

142. That by reason of said injuries, the plaintiff required the services of physicians, surgeons, nurses, hospitals, and medicines and will continue to incur such expenses in the future; that as a result of the aforesaid injuries and the resulting disabilities, said plaintiff was incapacitated from his normal activities, may be incapacitated in the future, and as a result of the aforesaid injuries, the future earning capacity of said plaintiff has been partially and/or permanently impaired, and as a result of the aforesaid, the plaintiff was otherwise damaged.

## Demand for Punitive Damages

143. The actions of the defendants herein were extreme and outrageous, and shock the conscience of a reasonable person. Consequently, an award of punitive damages is appropriate to punish the defendants for their deliberate indifference and malice towards the plaintiff and his rights as outlined above.

144. As such plaintiff demands judgment against defendants in an amount to be determined at trial.

*WHEREFORE*, the plaintiff respectfully the following forms of relief:

A) Compensatory and special damages against the defendants and each of them jointly and severally, in an amount to be determined at trial;

B) Punitive Damages against all individual defendants in an amount to be determined by a properly instructed jury;

C) Costs, disbursements, and attorneys' fees as stated above;

D) Interest on the aforementioned judgments; and

E) Such other and further relief that the Court deems just and proper.

Dated:     August 1, 2017
           Hamburg, New York

Page 25 of 26

**SHAW & SHAW P.C.**

_____

Leonard D. Zaccagnino
Attorney for Plaintiff
Office and Post Office Address
4819 South Park Avenue
Hamburg, New York 14075
(716) 648-3020 Telephone
(716) 648-3730 Fax
lzaccagnino@shawlawpc.com