**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

CARL M. MILLER,

       Plaintiff,

-v-

COUNTY OF ERIE,
DEPARTMENT OF SHERIFF OF ERIE COUNTY,
TIMOTHY B. HOWARD, Erie County Sheriff,
THOMAS DIINA, Superintendent,
LIEUTENANT KRZYSZTOF KANIA,
SARGENT CHRISTIAN J. SUNDBERG,
OFFICER DEANNA J. LATES,
LIEUTENANT KAREN A. YETZER,
OFFICER KEITH L. ROBERTS,
SARGENT RICHARD J. ZOZACZKA,
OFFICER D. PAUL ROBINSON,
OFFICER TIMOTHY M. WANAT,
DAVIS JULIAN, P.A.,
JAMES THOMAS,
JOSEPH DAMICO,
ARIEL SIMMS,
ROBERT GIBBENS, R.N.,
MAXIM HEALTHCARE SERVICES, INC., and
JOHN DOES 1-10,

       Defendants.

**ANSWER WITH CROSS-CLAIMS AND AFFIRMATIVE DEFENSES**

**JURY TRIAL DEMANDED**

**NYS Index No. 811385/2017**

**Civil Docket #  17-CV-00928 LJV**

    The defendants, THE COUNTY OF ERIE, DEPARTMENT OF SHERIFF OF ERIE COUNTY, TIMOTHY B. HOWARD, Erie County Sheriff, THOMAS DIINA, Superintendent, LIEUTENANT KRZYSZTOF KANIA, SARGENT CHRISTIAN J. SUNDBERG, OFFICER DEANNA J. LATES, LIEUTENANT KAREN A. YETZER, OFFICER KEITH L. ROBERTS, SARGENT RICHARD J. ZOZACZKA, OFFICER D. PAUL ROBINSON, OFFICER TIMOTHY M. WANAT, DAVIS JULIAN, P.A., and  ROBERT GIBBENS, R.N., by their Attorney, MICHAEL A. SIRAGUSA, ESQ., ERIE COUNTY ATTORNEY, ANTHONY B. TARGIA, ESQ., ASSISTANT COUNTY ATTORNEY, of counsel, for their answer to the plaintiff's complaint, allege(s) upon information and belief:

1. Admit the allegations contained in paragraph(s) 6, 26, 94, 110, and 125 of the plaintiff's complaint.

2. Deny each and every allegation contained in paragraph(s) numbered 7, 18, 21, 27, 28, 29, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 78, 79, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 102, 108, 109, 115, 116, 117, 118, 124, 127, 128, 129, 130, 131, 132, 133, 135, 136, 137, 138, 139, 140, 141, 142, and 143 of the plaintiff's complaint.

3. Deny any knowledge or information sufficient to form a belief as to the allegations contained within paragraph(s) numbered 3, 5, 19, 20, 22, 23, 24, 30, 77, 95, 96, 97, 98, 99, 100, 101, 103, 104, 105, 106, 107, 111, 112, 113, 114, 119, 120, 121, 122, 123, 126, and 134 of the plaintiff's complaint.

4. Neither admit nor deny the allegations contained within paragraph(s) 1, 2, 4, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 25, 56, 80, and 144 of the plaintiff's complaint in that same call for legal conclusions. To the extent that these allegations do not call for legal conclusions, the answering defendants deny knowledge or information as to same, and further deny these allegations in general.

5. Deny knowledge or information as to any allegations not heretofore addressed.

## FOR A DEFENSE PURSUANT TO ARTICLE 14(a) OF THE CPLR, THE ANSWERING DEFENDANTS ALLEGE:

6. That the plaintiff, CARL M. MILLER'S culpable conduct contributed to the happening of the incident/accident.

7. That the plaintiff should be barred from recovering because the incident/accident was the result entirely of plaintiff's culpable conduct or in the event that the plaintiff(s) is/are entitled to recover, the damages should be reduced by the amount of plaintiff's culpable conduct including contributory negligence or assumption of risk in the proportion which the culpable conduct attributable to the plaintiff's decedent bears to the culpable conduct which caused the damages.

## AS AND FOR A SEPARATE DEFENSE, THE ANSWERING DEFENDANTS ALLEGE UPON INFORMATION AND BELIEF:

8. That if this answering defendant(s) is/are found liable as alleged in the complaint, this/these answering defendant(s) allege(s) that the provisions of CPLR § 1601 will apply.

**AS AND FOR A SEPARATE DEFENSE, THE
ANSWERING DEFENDANTS ALLEGE
UPON INFORMATION AND BELIEF:**

9. In the event that the plaintiff recovers damages which have been paid or are payable by a collateral source, this answering defendant will seek an offset to such damages pursuant to Article 45 of the CPLR.

**AS AND FOR  SEPARATE DEFENSES, THE
ANSWERING DEFENDANTS ALLEGE
UPON INFORMATION AND BELIEF:**

10. That there are separate and complete defenses to maintaining this action because of both a failure to state a valid cause of action and a failure to state a claim upon which relief can be granted.

**AS AND FOR A SEPARATE DEFENSE, THE
ANSWERING DEFENDANTS ALLEGE
UPON INFORMATION AND BELIEF:**

11. That there is a separate and complete defense to maintaining this action because of a failure to mitigate damages.

**AS AND FOR A SEPARATE DEFENSE, THE
ANSWERING DEFENDANTS ALLEGE
UPON INFORMATION AND BELIEF:**

12. That there is a separate and complete defense to maintaining this action because of a failure to comply with the provisions of the General Municipal Law of the State of New York.

**AS AND FOR A SEPARATE DEFENSE, THE
ANSWERING DEFENDANTS ALLEGE
UPON INFORMATION AND BELIEF:**

13. That there is a separate and complete defense to maintaining this action because of the statute of limitations.

**AS AND FOR A SEPARATE DEFENSE, THE
ANSWERING DEFENDANTS ALLEGE
UPON INFORMATION AND BELIEF:**

14. That there is a separate and complete defense to maintaining this action because of the culpable conduct of a non-party.

**AS AND FOR A SEPARATE DEFENSE, THE
ANSWERING DEFENDANTS ALLEGE
UPON INFORMATION AND BELIEF:**

15. That the actions of the answering defendants herein involved discretionary decisions which are protected by quasi judicial immunity.

16. That the duty owed to the Plaintiff is a purely governmental service and function mandated by the General Laws of the State of New York.

17. That absent any special relationship pre-existing between the Plaintiff and the answering defendants, there can be no finding of liability against the answering defendants.

18. That by virtue of the foregoing, these answering defendants are immune from liability for the damages alleged in the Plaintiff's Complaint.

**AS AND FOR A SEPARATE DEFENSE, THE
ANSWERING DEFENDANTS ALLEGE
UPON INFORMATION AND BELIEF:**

19. That there is a separate and complete defense to maintaining this action because of New York State General Obligations Law § 15-108.

**AS AND FOR A SEPARATE DEFENSE, THE
ANSWERING DEFENDANTS, ALLEGE
UPON INFORMATION AND BELIEF:**

20. That upon information and belief, the answering defendants had no actual or constructive notice of the alleged defect, out of repair, unsafe or dangerous condition stated in Plaintiff's Complaint.

**AS AND FOR A SEPARATE DEFENSE, THE
ANSWERING DEFENDANTS ALLEGE
UPON INFORMATION AND BELIEF:**

21. That there is a separate and complete defense to maintaining this action because of primary assumption of risk.

**AS AND FOR A SEPARATE DEFENSE, THE
ANSWERING DEFENDANTS ALLEGE
UPON INFORMATION AND BELIEF:**

22. That there is a separate and complete defense to maintaining this action because of one or more superseding intervening cause(s).

**AS AND FOR A SEPARATE DEFENSE, THE
ANSWERING DEFENDANTS ALLEGE
UPON INFORMATION AND BELIEF:**

23. That there is a separate and complete defense to maintaining this action because the defendant identified as the "Department of Sheriff of Erie County", is not an entity amenable to suit in its own name as it is a mere administrative unit or arm of the County of Erie.

**AS AND FOR A SEPARATE DEFENSE, THE
ANSWERING DEFENDANTS ALLEGE
UPON INFORMATION AND BELIEF:**

24. The Plaintiff's claims are barred by the doctrine of judicial estoppel, which prevents a party from taking inconsistent positions by prosecuting claims not disclosed in a bankruptcy proceeding. The plaintiff had an affirmative duty to disclose assets and pending lawsuits to the bankruptcy court, failed to do so, and thereby represented that no such claims against the defendants herein existed, and received a discharge of her debts. The Plaintiff cannot now take the inconsistent and opposite position that the Plaintiff now has claims against the defendants herein.

**AS AND FOR A SEPARATE DEFENSE, THE
ANSWERING DEFENDANTS ALLEGE
UPON INFORMATION AND BELIEF:**

25. The Plaintiff's claims are barred because the Plaintiff lacks standing to pursue the claims herein. Upon filing for Chapter 7 bankruptcy protection, all of the plaintiff's assets, including these claims, became property of the bankruptcy estate, and only the bankruptcy trustee has standing to pursue these claims. The claims remain the property of the bankruptcy estate, and as such, the Plaintiff here lacks standing to pursue these claims.

**AS AND FOR A SEPARATE DEFENSE, THE
ANSWERING DEFENDANTS ALLEGE
UPON INFORMATION AND BELIEF:**

26. The plaintiff has failed to exhaust administrative remedies as a condition precedent to asserting this claim.

**AS AND FOR A SEPARATE DEFENSE, THE
ANSWERING DEFENDANTS ALLEGE
UPON INFORMATION AND BELIEF:**

27. These answering defendants are entitled to qualified immunity from liability.

**AS AND FOR A SEPARATE DEFENSE, THE
ANSWERING DEFENDANTS ALLEGE
UPON INFORMATION AND BELIEF:**

28. Punitive damages may not be awarded against a municipality or a party sued in his/her official capacity.

**AS AND FOR A SEPARATE DEFENSE, THE
ANSWERING DEFENDANTS ALLEGE
UPON INFORMATION AND BELIEF:**

29. There can be no respondeat superior liability as between the answering defendants.

**AS AND FOR A SEPARATE DEFENSE AND CROSSCLAIM AGAINST the CO-
DEFENDANTS JAMES THOMAS, JOSEPH DAMICO,
AND ARIEL SIMMS, THE ANSWERING DEFENDANTS,
ALLEGE UPON INFORMATION AND BELIEF:**

30. That the culpable conduct on the part of the co-defendants, JAMES THOMAS, JOSEPH DAMICO, and ARIEL SIMMS is the sole proximate cause of the Plaintiff's injuries herein. Accordingly, upon the Court's determination of the co-defendants' culpable conduct, the Court is asked to apply Article 14 of the CPLR.

31. That if these answering Defendants are found liable to the Plaintiff, they will be entitled to indemnification or contribution or both by and judgment against the remaining co-defendant(s), for the full amount of said liability or for such proportionate share as represents the amount, degree or kind of negligence attributable to such co-defendants.

## **DEFENDANTS DEMAND A JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the answering defendants hereby demand a jury trial of all issues herein.

**WHEREFORE**, the answering defendants demand judgment dismissing the plaintiff's complaint together with the costs and disbursements of this action and demand further that the ultimate rights and responsibilities amongst all the responsible parties be determined in this action and that any judgment against these answering defendants be reduced to the extent the plaintiff's culpable conduct contributed to the damages and that the answering defendants, have judgment over against the remaining co-defendants and/or other tortfeasors for the full amount of such judgment against it, including costs, disbursements, and interest or for such proportionate share as represents the amount, degree or kind of negligence attributable to any tortfeasors.

DATED:     Buffalo, New York
           September 19, 2017

                                        MICHAEL A. SIRAGUSA, Erie County Attorney
                                        and Attorney for Defendant, County of Erie

                                        By: s/ Anthony B. Targia
                                        ANTHONY B. TARGIA, ESQ.
                                        Assistant County Attorney, of Counsel
                                        Office and Post Office Address
                                        95 Franklin Street, Room 1634
                                        Buffalo, New York 14202
                                        (716) 858-2221

TO:   Leonard D. Zaccagnino, Esq.
      Shaw & Shaw, P.C.
      Attorneys for Plaintiff
      4819 South Park Avenue
      Hamburg, New York 14075
      (716) 648-3020