UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CARL M. MILLER,

                Plaintiff,        **MEMORANDUM OF LAW**

-vs-

                                Civil Action No.: 17-cv-00928 LJV

COUNTY OF ERIE, et. al.,

                Defendants.

---

STATE OF NEW YORK  )
                            )ss.:
COUNTY OF ERIE      )

## Question Presented

Under the Federal Rules of Civil Procedure (FRCP) 55(a), did the defendants, **Maxim Healthcare Services, Inc., James Thomas, Joseph Damico, and Ariel Simms** fail to plead or otherwise defend upon which a showing of a failure to do so by affidavit may allow this court to enter default judgement against the defendants?

## Short Answer

Yes, the defendants failed to plead or otherwise defend and therefore violated FRCP 55(a).

## Statement of Facts

This memorandum of law is submitted as a supplemental material to Plaintiff's motion for default judgement against defendants **Maxim Healthcare Services, Inc., James Thomas, Joseph Damico, and Ariel Simms**.

Plaintiff filed the Summons and Complaint in this action with the Erie County Clerk's Office on August 17th, 2017.

An answer to the complaint was due on October 15, 2017.

Affidavits of service were filed for each of the defendants; County of Erie, Department of the Sheriff of Erie County, Timohy B. Howard Erie County Sheriff, Thomas Diina Superintendent, Lieutenant Krzysztof Kania, Sargent Christian J. Sundberg, Officer Deanna J. Lates, Lieutenant Karen A. Yetzer, Officer Keith L. Roberts, Sargent Richard J. Zozaczka, Officer D. Paul Robinson, Officer Timothy M. Wanat, Davis Julian, P.A. and Robert Gibbens, P.A. between August 22, 2017 and September 5, 2017. The defendants listed in this paragraph submitted an answer through the Assistant County Attorney, Anthony B. Targia on September 19, 2017.

By virtue of affidavits of service, the Summons and Complaint were personally served on defendant **Maxim Healthcare Service, Inc.** on August 23, 2017; on defendant **James Thomas** on August 22, 2017; on defendant **Joseph Damico** on September 1, 2017; and on defendant **Ariel Simms** on September 5, 2017.

Defendants, **Maxim Healthcare Services, Inc., James Thomas, Joseph Damico, and Ariel Simms** have failed to plead, or otherwise defend.

## Discussion

The Defendants **Maxim Healthcare Services, Inc., James Thomas, Joseph Damico, and Ariel Simms** have failed to plead or otherwise defend in accordance with Federal Rules of Civil Procedure (FRCP) 55(a). These defendants have not answered the summons and complaint after sufficient notice and therefore have not plead. Although **Joseph Damico** did send letters initially asking what court to send documents to, asking for an adjournment, and for advice on how to move forward, he has not since made contact, and under New York law, this does not constitute "otherwise defend" as stated in FRCP 55(a). The other defendants, **Maxim Healthcare Services, Inc., James Thomas, and Ariel Simms** have not made any contact and therefore have violated FRCP 55(a); therefore we ask the clerk to enter a default judgement against all four defendants.

Rule 55(a) of the FRCP states, "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default" Fed. R. Civ. P. 55(a). The plain meaning of the phrase "otherwise defend" in Fed. R. Civ. P. 55(a) is broad enough to support entry of default even after a defendant has filed an answer asserting affirmative defenses. The United States Court of Appeals for the Third Circuit has concluded that the district court's power to maintain an orderly docket justifies the entry of a default against a party who fails to appear at trial or to meet other required time schedules. City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 130, (2d Cir. 2011). The Second Circuit in Mickalis found that default judgement could be entered even after a defendant has filed an answer asserting affirmative defenses. In

Mickalis, the defendant appeared in litigation for several years, repeatedly moved to dismiss, and vigorously defended throughout discovery. Mickalis 645 F.3d at 129. The Circuit Court highlighted the defendants' withdrawal from litigation as the basis for its decision. Id. at 130.

Unlike Mickalis, in the present case, the defendants, **Maxim Healthcare Services, Inc., James Thomas, Joseph Damico, and Ariel Simms** have not even sent an answer to the summons and complaint as the defendant did in Mickalis. Even after the defendant in Mickalis sent an answer and was a presence during discovery and part of the litigation, the court still found him not to satisfy the "otherwise defend" component of FRCP 55(a). In the present case, the court does not have to conduct an analysis past the answer, considering all four defendants never even filed an answer after they had sufficient notice and therefore the court can determine that they have not met the requirements of FRCP 55(a). Although they have not withdrawn from litigation like in Mickalis, they have not brought themselves to the point where withdrawing from litigation would be procedurally possible by failing to plead initially .

## Conclusion

The defendants, **Maxim Healthcare Services, Inc., James Thomas, Joseph Damico, and Ariel Simms** all failed to plead or otherwise defend in accordance with FRCP 55(a) and its interpretation under the second circuit by failing to meet their time schedule by not submitting an answer to the summons and complaint on or before October 15, 2017 after sufficient notice of such. Therefore, the plaintiffs ask this court to enter default judgement against the aforementioned defendants.

_____
Leonard D. Zaccagnino