UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CARL M. MILLER,

                Plaintiff,

          vs.                         **AFFIDAVIT**

                                          Civil Action No. 17-cv-00928 LJV

COUNTY OF ERIE, DEPARTMENT OF THE
SHERIFF OF ERIE COUNTY, TIMOTHY B.
HOWARD, Erie County Sheriff, THOMAS DIINA,
Superintendent, LIEUTENANT KRZYSZTOF KANIA,
SARGENT CHRISTIAN J. SUNDBERG, OFFICER
DEANNA J. LATES, LIEUTENANT KAREN A.
YETZER, OFFICER KEITH L. ROBERTS, SARGENT
RICHARD J. ZOZACZKA, OFFICER D. PAUL
ROBINSON, OFFICER TIMOTHY M. WANAT,
DAVIS JULIAN, P.A., JAMES THOMAS, JOSEPH
DAMICO, ARIEL SIMMS, ROBERT GIBBENS, R.N.,
MAXIM HEALTHCARE SERVICES, INC.,
and JOHN DOES 1-10,

                Defendants.
_____

STATE OF NEW YORK    )
                                ) ss:
COUNTY OF ERIE        )

    Paul G. Joyce, being duly sworn, deposes and says that:

    1.    I am an attorney licensed to practice in the state of New York, admitted to the United States District Court Western District of New York and am a member of the law firm of Colucci & Gallaher, P.C., attorneys for defendant Maxim Healthcare Services, Inc., ["Maxim"]. In this capacity, your deponent is fully familiar with the facts and circumstances underlying this proceeding.

2. I submit affidavit in support of Maxim's motion to vacate the default entered by the Clerk April 24, 2018 (see ECF Doc. No. 10).

3. This matter was commenced in State Court by the Plaintiff on or about August 17, 2017. (ECF Doc. No. 1-1). Defendant Maxim was served with the Summons and Complaint herein on or about August 23, 2017. (ECF Doc. No. 7-3).

4. On September 14, 2017, your deponent spoke with plaintiff's counsel, Mr. Zaccagnino, regarding the matter. In that conversation, I informed Mr. Zaccagnino that Maxim did not have a contract to provide services at the Erie County Holding Center or the Erie County Correctional Facility on the date of the alleged incident, and that no Maxim employers were present at the Erie County Holding Center or Erie County Correctional Facility located on the date of the alleged incident.

5. The matter was removed by the County of Erie defendants on or about September 18, 2017. (ECF Doc. No. 1).

6. On October 5, 2017, your deponent sent Mr. Zaccagnino an e-mail providing a sworn affidavit from Maxim stating that Maxim did not have any nurses or other staff working at the Erie County Holding Center or the Erie County Correctional Facility on September 25 or 26, 2016. A true and accurate copy of the e-mail (with attachments) is attached as **Exhibit A**. A true and accurate copy of the Affidavit from Maxim provided to Mr. Zaccagnino is attached as **Exhibit B**.

7. In my October 5, 2017 e-mail, I informed Mr. Zaccagnino that Maxim preferred not to be involved in the litigation or incur the costs & time for discovery and motion practice, given the fact that Maxim employees were not present at either County facility on the date that the plaintiff was allegedly injured.

8. Plaintiff's counsel declined to dismiss Maxim, instead seeking confirmation that defendants Robert Gibbens, R.N. and David Julian, P.A. were employees of the County.

9. The confusion regarding the employment of defendants Robert Gibbens, R.N. and David Julian, P.A. arose due to the overbroad allegations set forth in Paragraphs 20 and 21 of the Complaint. These allegations state that defendants Gibbens and Julian were "at all times hereinafter mentioned, [employees] of defendants Maxim and/or County and/or Sheriff."

10. While the County of Erie answered on behalf of both defendant Gibbens and Julian, the County defendants denied the allegation relating to defendant Gibbens and denied knowledge and information sufficient to form a belief as to the allegation regarding defendant Julian. See ECF Doc. No. 2.

11. In the following months, your deponent attempted on multiple occasions to obtain a written statement from the County confirming that defendants Gibbens and Julian were County employees. Although the County has confirmed orally that defendants Gibbens and Julian were County employees, they have declined to do so in writing, ignoring your deponent's multiple requests to do so.

12. Because Maxim has provided the plaintiff with a sworn statement that neither Maxim nor any of its employees were present at either the Erie County Holding Center or the Erie County Correctional Facility in Alden on the date of the alleged incident, it did not file an Answer.

13. On or about May 2, 2018, Maxim received a copy of the Clerk's Entry of Default. Plaintiff's notice of motion for default (See ECF Doc. No. 7) indicated that a copy of the notice was mailed to the undersigned. After diligent search, no copy has been located. If notice was provided, Maxim would have filed an answer.

14. As defendant Maxim provided plaintiff with a sworn statement showing it did not have any involvement in the alleged incident and had a reasonable expectation to be dismissed from the case, there was no willfulness in the default.

15. In addition, the sworn statement provided by defendant Maxim to the plaintiff identifies a meritorious defense to the claims.

16. Finally, there is no prejudice to the plaintiff to have the default vacated, as discovery has not commenced and Maxim's lack of participation has not prejudiced the plaintiff in any way. If the default is vacated, your deponent fully expects to actively participate in the matter and to quickly confirm that neither defendant Gibbens nor defendant Julian were employees of Maxim at the time of the incident.

17. Maxim is also prepared to file an Answer in this matter (a copy of which is attached as **Exhibit C**) and to attend the conference scheduled for June 4, 2018.

WHEREFORE, your deponent respectfully requests that the Clerk's judgment be vacated, that defendant Maxim be permitted to file and serve its Answer in this matter, and for such other, further and different relief as to this Court may seem just and proper.

/s/ Paul G. Joyce
Paul G. Joyce

Sworn to before me this
3rd day of May, 2018

/s/ Sandra A. McCarthy
Notary Public

SANDRA A. McCARTHY
Notary Public, State of New York
Qualified in Erie County
My Commission Expires July 15, 2018

4