UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CARL M. MILLER,

                Plaintiff,              MEMORANDUM OF LAW

      vs.

                                    Civil Action No. 17-cv-00928 LJV

COUNTY OF ERIE, *et al.*

                Defendants.
_____

      Plaintiff, a former inmate a the Erie County Holding Center and Erie County Correctional Facility, has obtained default against defendant Maxim Healthcare Services, Inc., one of 18 named defendants in the matter. Plaintiff fundamentally claims that his civil rights were violated while incarcerated at the Erie County Holding Center and Erie County Correctional Facility on September 29 and 30, 2016. After being served with the complaint, Maxim contacted plaintiff's counsel, eventually providing an affidavit stating that did not have any nurses or other staff working at the Erie County Correctional Facility or the Erie County Holding Center on September29 and 30. 2016. Plaintiff's counsel refused to voluntarily dismiss Maxim until the employer(s) of defendants David Julian, P.A. and Robert Gibbens, R.N. were identified. Notably, defendants David Julian, P.A. and Robert Gibbens, R.N. have filed an answer in the matter (ECF Doc. No. 2) and are being represented by the County of Erie Attorney. Maxim files its motion to vacate the default judgment under F.R.Cv.P. 55(c) so that it can serve its answer and participate in discovery to conclusively prove that defendants David Julian, P.A. and Robert Gibbens, R.N. were not Maxim employee on September 29 and 30, 2016.

The Second Circuit has "a strong preference for resolving disputes on the merits." See *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005). As such, default judgments are "generally disfavored and are reserved for rare occasions." *State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 168 (2d Cir. 2004).

In this case, where the Clerk has entered a default (ECF Doc. No. 10), there is no final judgment under F.R.Cv.P. 60. As such, a motion to vacate the default is determined under F.R.Cv.P. 55(c). In determining the motion to vacate a default under F.R.Cv.P. 55, courts rely on the "good cause" standard to determine if the default is excusable. "Good cause" should be construed generously, and when "doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). While vacating a default entered by the Clerk is up to the discretion of the Court, "the extreme sanction of a default judgment must remain a weapon of last, rather than first, resort." *Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir. 1981).

This "good cause" standard considers three factors: (1) the willfulness of the default; (2) the existence of a meritorious defense to the defaulted claims; and (3) prejudice to the non-defaulting party should relief be granted. See *Peoples v. Fisher*, 299 F.R.D. 56 (W.D.N.Y. 2014), citing *Pecarsky v. Galaxiworld.com, Ltd.*, 249 F.3d 167, 171 (2d Cir. 2001).

Maxim meets all three factors. As seen above and in the accompanying affidavit of Paul G. Joyce, there is no willfulness in the default. Counsel for Maxim contacted plaintiff's counsel before an answer was due, and provided a sworn statement showing that Maxim employees were not present at the locations of the alleged incident that forms the basis of

the complaint.  Plaintiff's counsel would not agree to voluntarily dismiss Maxim from the case until the employer of two other defendants, Mr. Julian and Mr. Gibbens, was discovered. As these individuals were not employees of Maxim, Maxim had to rely on the County of Erie to identify their employer.  The County has ignored Maxim's attempts to confirm what should be a simple fact.  Maxim's prompt attempt to be dismissed from the matter, based on the lack of any involvement at the Erie County Holding Center or the Erie County Correctional Facility on the date of the incident, indicates that there was no willfulness in failing to serve an answer.

Maxim also has a meritorious defense.  Plaintiff claims that he was injured as a result of assaults that took place at the Erie County Correctional Facility and/or Erie County Holding Center, making claims against Maxim for the failure to provide medical evaluation, attention, care & treatment.  Maxim has provided plaintiff with a sworn statement that it did not have any nurses or other staff working at the Erie County Correctional Facility and/or Erie County Holding Center on the dates of the alleged incident.  Since Maxim did not have any staff present, it could not have provided any care to the plaintiff.

Finally, the plaintiff will not have any prejudice if the default is vacated.  Maxim has already provided its defense to plaintiff, and is fully prepared to serve an answer and participate in discovery to confirm the defense.  It appears from the docket that this matter has its first conference scheduled for June 4, 2018.  As such, significant discovery has not taken place yet.

CONCLUSION

For the foregoing reasons, defendant Maxim Healthcare Services, Inc. respectfully requests that the Court vacate the Clerk's Entry of Default (ECF Doc. No. 10) and permit Maxim Healthcare Services, Inc. to file and serve an answer.

Dated: Buffalo, New York           COLUCCI & GALLAHER, P.C.
May 3, 2018

                                         By: /s/ Paul G. Joyce_____
                                         Paul G. Joyce
                                         *Attorneys for Defendant*
                                         MAXIM HEALTHCARE
                                         SERVICES, INC.
                                         2000 Liberty Building
                                         424 Main Street
                                         Buffalo, New York 14202
                                         (716) 853-4080