PS

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CARL MILLER,

        Plaintiff,

  -v-                                         17-CV-0928-EAW-LGF
                                                      ORDER

COUNTY OF ERIE, et al.,

        Defendants.
_____

This matter has been referred to the undersigned, pursuant to 28 U.S.C. § 636(b)(1)(A)-(C), for all pretrial matters and to hear and report on dispositive motions for consideration by the District Judge. Docket Item 6.

Presently before the Court is pro se defendant Joseph D'Amico's motions to proceed *in forma pauperis pauperis*, Docket Item 17, and for the appointment of counsel, Docket Item18. D'Amico is an inmate at the Greene Correctional Facility, and is alleged to have been involved in an assault on the plaintiff, while the two of them were detained at the Erie County Correctional Facility. Docket Item 1, Exh. A, Complaint. D'Amico was served with the summons and complaint and thereafter forwarded a letter to the Court denying the allegations in the complaint. Docket Item 3. D'Amico did not formally answer the complaint and a notice of entry of default was sought and entered against him. Docket Item 10.

**MOTION TO PROCEED *IN FORMA PAUPERIS***

D'Amico's motion to proceed *in forma pauperis* has met the statutory requirements of 28 U.S.C. § 1915(a)(1)-(2) and, therefore, his request to proceed as a poor person is hereby granted.

1

**MOTION FOR APPOINTMENT OF COUNSEL**

D'Amico seeks the appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1).[1] Docket Item 18. He submits that he is wrongly accused of the acts set forth in the Complaint and is unable to afford counsel to represent him in this matter. *Id.* This Court is required to see that all litigants receive proper representation of counsel under the criteria set forth in *Cooper v. A. Sargenti Co.*, 877 F.2d 170 (2d Cir. 1989), and *Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986). In addition, courts have the inherent authority to assign counsel to represent private indigent litigants. *See In re Smiley*, 36 N.Y.2d 433, 438 (1975). As noted, D'Amico has repeatedly asserted that he was not involved in the assault alleged in the Complaint and states that he does not understand how an entry of default has been entered against him when, after being served with the summons and complaint, he immediately thereafter forwarded a letter to the Court denying the allegations against him. Docket Item 17 at p. 4.

Additionally, each lawyer — especially those who are admitted to practice in federal court and who therefore are in a position to reap the benefits of such practice — has a professional obligation to provide *pro bono* services for the poor. *See* New York Rules of Professional Conduct, Rule 6.1. In addition, Rule 83.1(f) of the Local Rules of Civil Procedure provides as follows:

> Every member of the bar of this Court who maintains, or whose firm maintains, an office in this District, shall be available upon the Court's request for appointment to represent or assist in the representation of indigent parties. Appointments under this Rule shall be made in a manner such that no Member shall be requested to accept more than one appointment during any twelve-month period.

---

[1] "The court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1).

It is in this spirit that the Court assigns Darius Keyhani, Esq. of Meredith & Keyhani, PLLC, 205 Main Street, East Aurora, New York 14052, *pro bono*, to faithfully and diligently represent plaintiff in this case.

The Clerk of the Court is directed to copy that portion of the file in this matter that is not currently available through PACER on the Court's Case Management/Electronic Case Filing System and send it to Mr. Keyhani, together with a copy of this order and the Guidelines Governing Reimbursement from the District Court Fund of Expenses Incurred by Court Appointed Counsel.[1]  The Chief Judge of the Court will also issue an Order directing PACER to waive its fees so pro bono counsel can access and print at no cost to him or his firm any other documents filed herein that he may need.  Mr. Keyhani's attention is directed to the Scheduling Order in this case which was filed June 5, 2018.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____
Leslie G. Foschio
United States Magistrate Judge

DATED:  July 18, 2018
         Buffalo, NY

---

[1] This information and the forms are also available on the Court's web site at the Attorney Information link from the home page located at: http://www.nywd.uscourts.gov//pro-bono-program-district-court-fund.