**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

CARL M. MILLER,

Plaintiff,                                                      **ANSWER TO COMPLAINT**

-v-                                                              Civ. Doc. No. 17-CV-00928 LJV
                                                                 JURY TRIAL DEMANDED
COUNTY OF ERIE, *et al*.

Defendants.
_____

### DEFENDANT JOSEPH D'AMICO'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Joseph D'Amico ("D'Amico" or "Defendant"), by and through undersigned counsel, files this Answer to the Complaint filed against him by Plaintiff Carl M. Miller and states in correspondingly numbered paragraphs as follows:

1.  Admit that Plaintiff filed this lawsuit alleging deprivation of his rights but deny any liability.

2.  D'Amico is without knowledge as to the allegations contained in paragraph 2 of the Complaint and said allegations are therefore denied.

3.  Neither admit nor deny to the extent the allegations contained in paragraph 3 call for a legal conclusion and to the extent that these allegations do not call for legal conclusions, D'Amico denies knowledge or information as to same.

4.  Neither admit nor deny to the extent the allegations contained in paragraph 4 call for a legal conclusion and to the extent that these allegations do not call for legal conclusions, the D'Amico denies knowledge or information as to same.

5.  Deny any knowledge or information sufficient to form a belief as to the allegations contained within paragraph 5.

6. Deny any knowledge or information sufficient to form a belief as to the allegations contained within paragraph 6.

7. Deny any knowledge or information sufficient to form a belief as to the allegations contained within paragraph 7.

8. Deny any knowledge or information sufficient to form a belief as to the allegations contained within paragraph 8.

9. Deny any knowledge or information sufficient to form a belief as to the allegations contained within paragraph 9.

10. Deny any knowledge or information sufficient to form a belief as to the allegations contained within paragraph 10.

11. Deny any knowledge or information sufficient to form a belief as to the allegations contained within paragraph 11.

12. Deny any knowledge or information sufficient to form a belief as to the allegations contained within paragraph 12.

13. Deny any knowledge or information sufficient to form a belief as to the allegations contained within paragraph 13.

14. Deny any knowledge or information sufficient to form a belief as to the allegations contained within paragraph 14.

15. Deny any knowledge or information sufficient to form a belief as to the allegations contained within paragraph 15.

16. Deny any knowledge or information sufficient to form a belief as to the allegations contained within paragraph 16.

17. Deny any knowledge or information sufficient to form a belief as to the allegations contained within paragraph 17.

18. Deny any knowledge or information sufficient to form a belief as to the allegations contained within paragraph 18.

19. Deny any knowledge or information sufficient to form a belief as to the allegations contained within paragraph 19.

20. Deny any knowledge or information sufficient to form a belief as to the allegations contained within paragraph 20.

21. Deny any knowledge or information sufficient to form a belief as to the allegations contained within paragraph 21.

22. Deny any knowledge or information sufficient to form a belief as to the allegations contained within paragraph 22.

23. Admit.

24. Deny any knowledge or information sufficient to form a belief as to the allegations contained within paragraph 24.

25. Deny any knowledge or information sufficient to form a belief as to the allegations contained within paragraph 25.

26. Deny any knowledge or information sufficient to form a belief as to the allegations contained within paragraph 26.

27. Neither admit nor deny to the extent the allegations contained in paragraph 27 call for a legal conclusion and to the extent that these allegations do not call for legal conclusions, D'Amico denies.

28. Deny.

29-92. Defendant D'Amico denies any knowledge, information, or liability relating to paragraphs 29-92, as these allegations are not asserted against him.

## Assault

93. Defendant D'Amico re-avers and re-states the foregoing Paragraphs 1-92 as if fully set forth herein.

94. Deny any knowledge or information sufficient to form a belief as to the allegations contained within paragraph 94.

95. Deny.

96. Deny any knowledge or information sufficient to form a belief as to the allegations contained within paragraph 96.

97. Deny.

98. Deny any knowledge or information sufficient to form a belief as to the allegations contained within paragraph 98.

99. Deny.

100. Deny.

101. Deny.

102-108. Defendant D'Amico denies any knowledge, information, or liability relating to paragraphs 102-108, as these allegations are not asserted against him.

## Intentional Infliction of Emotional Distress

109. Defendant D'Amico re-avers and re-states the foregoing Paragraphs 1-108 as if fully set forth herein.

110. Deny any knowledge or information sufficient to form a belief as to the allegations contained within paragraph 110.

111. Deny.

112. Deny.

113. Deny.

114. Deny.

115. Deny.

### Negligent Infliction of Emotional Distress

116. Defendant D'Amico re-avers and re-states the foregoing Paragraphs 1-115 as if fully set forth herein.

117. Deny any knowledge or information sufficient to form a belief as to the allegations contained within paragraph 117.

118. Deny.

119. Deny.

120. Deny.

121. Deny.

122. Deny.

123. Deny.

124-142. Defendant D'Amico denies any knowledge, information, or liability relating to paragraphs 124-142, as these allegations are not asserted against him.

### Demand for Punitive Damages

143. Deny.

144. Admit that Plaintiff demands a judgment against defendants but deny any liability on behalf of Defendant D'Amico.

## DEFENDANT D'AMICO'S AFFIRMATIVE AND OTHER DEFENSES

### First Defense (Failure to State a Claim)

Plaintiff's Complaint fails to state claims of assault, intentional infliction of emotional distress, and negligent infliction of emotional distress against Defendant D'Amico.

### Second Defense (Failure to Mitigate Damages)

Plaintiff cannot maintain his cause of action because of his failure to mitigate damages.

### Third Defense (Assumption of Risk)

Plaintiff cannot maintain his cause of action because of his primary assumption of risk.

### Fourth Defense

Plaintiff's claims are barred because no causal relationship exists between any injury, if any, suffered by Plaintiff and the alleged actions, if any, of Defendant D'Amico.

### Fifth Defense

Defendant D'Amico reserves the right to assert other such affirmative or other defenses as they become known through the course of discovery.

### JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the answering defendant hereby demands a jury trial of all issues herein.

Dated: August 23, 2018

>Respectfully submitted,
>
>By: s/ Dariush Keyhani
>Dariush Keyhani
>Frances H. Stephenson
>Meredith & Keyhani, PLLC
>205 Main Street
>East Aurora, New York 14052

dkeyhani@meredithkeyhani.com
Telephone: (716) 898-8938