UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CARL MILLER,

                                    Plaintiff,
                              v.

COUNTY OF ERIE,
DEPARTMENT OF SHERIFF OF ERIE COUNTY,
TIMOTHY B. HOWARD, Erie County Sheriff,
THOMAS DIINA, Superintendent,
LIEUTENANT KRZYSZTOF KANIA,
SARGENT CHRISTIAN J. SUNDBERG,
OFFICER DEANNA J. LATES,
LIEUTENANT KAREN A. YETZER,
OFFICER KEITH L. ROBERTS,
SARGENT RICHARD J. ZOZACZKA,
OFFICER D. PAUL ROBINSON,
OFFICER TIMOTHY M. WANAT,
DAVIS JULIAN, P.A.,
JAMES THOMAS,
JOSEPH DAMICO,
ARIEL SIMMS,
ROBERT GIBBENS, R.N.
MAXIM HEALTHCARE SERVICES, INC., and
JOHN DOES 1-10,

                                 Defendants.
_____

REPORT
and
RECOMMENDATION

17-CV-00928W(F)

APPEARANCES:           SHAW & SHAW, P.C.
                                 Attorneys for Plaintiff
                                 LEONARD D. ZACCAGNINO, of Counsel
                                 4819 South Park Avenue
                                 PO Box 846
                                 Hamburg, New York  14075

                                 MICHALE A. SIRAGUSA
                                 ERIE COUNTY ATTORNEY
                                 Attorney for Erie County, Erie County Sheriff Department,
                                   Erie County Sheriff Howard, Superintendent Diina,
                                   Lieutenant Kania, Sargent Sundberg, Officer Lates,
                                   Lieutenant Yetzer, Officer Roberts, Sargent Zozaczka,
                                   Officer Robinson, Officer Wanat, P.A. Julian, and

   R.N. Gibbens
ANTHONY B. TARGIA and
ERIN ELIZABETH MOLISANI,
Assistant Erie County Attorneys, of Counsel
Erie County Department of Law
95 Franklin Street
16th Floor
Buffalo, New York  14202

MEREDITH & KEYHANI PLLC
Attorneys for Defendant Damico
DARIUSH KEYHANI, and
FRANCES H. STEPHENSON, of Counsel
205 Main Street
East Aurora, New York  14052

## JURISDICTION

This case was referred to the undersigned by Honorable Lawrence J. Vilardo[1] on March 19, 2018, for all pretrial matters including preparation of a report and recommendation on dispositive motions.  The matter is presently before the court on Plaintiff's motion for entry of default judgment (Dkt. 7), filed April 18, 2018.

## BACKGROUND

On August 17, 2017, Plaintiff filed a Complaint in New York Supreme Court, Erie County, alleging that while detained at the Erie County Holding Center and the Erie County Correctional Facility between September 29 and 30, 2016, Defendants violated his civil rights.  On September 18, 2017, the action was removed to this court on the basis of federal question jurisdiction.  All Defendants have been served and on September 20, 2017, an answer (Dkt. 2), was filed by Defendants County of Erie, Department of Sheriff of Erie County, Erie County Sheriff Timothy B. Howard,

---

[1] On June 14, 2018, Judge Vilardo transferred this case to Honorable Elizabeth A. Wolford. (Dkt. 26).

Superintendent Thomas Diina, Lieutenant Krzysztof Kania, Sergeant Christian J. Sundberg, Officer Deanna J. Lates, Lieutenant Karen A. Yetzer, Officer Keith L. Roberts, Sergeant Richard J. Zozaczka, Officer D. Paul Robinson, Officer Timothy M. Wanat, P.A. Davis Julian, and R.N. Robert Gibbens (together, "County Defendants"), asserting affirmative defenses and cross-claims against Defendants James Thomas ("Thomas"), Joseph Damico ("Damico"), and Ariel Simms ("Simms").  On April 18, 2018, Plaintiff filed the instant motion (Dkt. 7) ("Plaintiff's motion"), seeking a default judgment as against Defendants Thomas, Damico, Simms and Maxim Healthcare Services, Inc. ("Maxim Healthcare"), for failing to plead or otherwise offer any defense to Plaintiff's claims against them.  Attached in support of Plaintiff's motion are the Affidavit of Leonard D. Zaccagnino, Esq. in Support of Motion for Judgment by Default Against Defendants Maxim Healthcare, James Thomas, Joseph Damico, and Ariel Simms (Dkt. 7-1) ("Zaccagnino Affidavit"), with exhibits A through H (Dkts. 7-2 through 7-9) ("Plaintiff's Exh(s). __"), and a Memorandum of Law (Dkt. 7-10) ("Plaintiff's Memorandum").  On April 24, 2018, the Clerk's Entry of Default was filed as against Defendants Thomas, Maxim Healthcare, Damico and Simms (Dkt. 10) ("Entry of Default"), which was subsequently vacated as to Maxim Healthcare (Dkt. 23),[2] and Damico (Dkt. 33).  Oral argument was deemed unnecessary.

      Based on the following, Plaintiff's motion for a default judgment against Defendants Thomas and Simmsl (Dkt. 7) should be GRANTED in part and DENIED in part.

---

[2] By Stipulation and Order filed October 5, 2018 (Dkt. 39), the action was discontinued as against Defendant Maxim Healthcare.

## **FACTS**[3]

Following his arrest on September 2, 2016, in Buffalo, New York, for unspecified violations of New York Penal Law, Plaintiff Carl Miller ("Plaintiff" or "Miller"), was taken into the custody of Defendant Erie County Sheriff's Department and held as a pretrial detainee first at the Erie County Holding Center ("ECHC") in Buffalo, and then at the Erie County Correctional Facility ("ECCF") in Alden, New York.  Plaintiff alleges that between September 29 and 30, 2016, while detained along with Defendants Joseph Damico ("Damico"), James Thomas ("Thomas"), and Ariel Simms ("Simms") (together, "Defendant Inmates"), at ECCF, Damico and Simms "coerced" Plaintiff from his cell with knowledge that Thomas intended to physically assault Plaintiff.  Complaint ¶¶ 94-95. Thomas allegedly did assault Plaintiff, causing Plaintiff to sustain injuries including, *inter alia*, a traumatic brain injury.  *Id*. ¶¶ 96-98.  After the assault, Defendant Inmates allegedly dragged Plaintiff to another location.  *Id*. ¶ 99.  Plaintiff also asserts against Thomas a claim for battery, Complaint ¶¶ 102-08, and negligence, *id*. ¶¶ 133-37, as well as claims against Defendant Inmates for intentional infliction of emotional distress, *id*. ¶¶ 109-15, negligent infliction of emotional distress, *id*. ¶¶ 116-23, and a denial of medical care.  *Id.* ¶¶ 52-54.  Plaintiff's federal civil rights claims based on the actions of County Defendants are the subject of ongoing litigation in this court.

## **DISCUSSION**

### 1. **Default Judgment**

Preliminarily, because Plaintiff's motion seeks a default judgment only as against Defendants Simms and Thomas, the court's discussion is limited to those Defendants.

---

[3] Taken from the pleadings and motion papers filed in this action.

Furthermore, although this action is before the court on federal question jurisdiction based on Plaintiff's alleged civil rights violations by other named Defendants, with the exception of the denial of medical care claim, the claims asserted against Simms and Thomas are New York common law tort claims that are pendent to the claimed civil rights violations. Accordingly, the court considers whether Plaintiff has sufficiently stated a claim as to each alleged tort under New York law sufficient to support entry of a default judgment on such claims.

Default judgments generally are disfavored as there is a clear preference for the adjudication of cases on the merits, *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 173 (2d Cir. 2001), but is appropriate for defaults arising from egregious or deliberate conduct. *Am. Alliance Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996). Rule 55 of the Federal Rules of Civil Procedure ("Rule 55"), provides a two-step process for obtaining a default judgment. First a plaintiff must obtain a default by notifying the court that a party against whom affirmative relief is sought has failed to plead or otherwise defend, and upon such notification "the clerk must enter the party's default." Fed.R.Civ.P. 55(a). Second, "[h]aving obtained a default, a plaintiff must next seek a judgment by default under Rule 55(b)." *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005). Because the damages Plaintiff seeks in the instant case are not a sum certain, Rule 55(b)(2) "requires a party seeking judgment by default to apply to the court for entry of a default judgment." *Green*, 420 F.3d at 104.

Upon entry of default, all the well-pleaded allegations of the complaint are accepted as true. *Greyhound Exhibitgroup v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). *See Time Warner Cable of New York City v. Browne*, 2000 WL 567015,

5

at * 1 (S.D.N.Y. May 10, 2000) ("It is well established that a defendant who fails to appear or otherwise defend against a Complaint admits every 'well plead allegation' of the complaint." (citing *Trans World Airlines, Inc. v. Hughes*, 449 F.2d 51, 63 (2d Cir. 1971), *rev'd on other gds.*, 409 U.S. 363 (1973))).  Nevertheless, before a default judgment may be entered, the court must still determine whether, based on the complaint's well-pleaded allegations, the complaint states a claim upon which relief can be granted.  *See Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) (holding "a district court has discretion under Rule 55(b)(2) once a default is determined to require proof of necessary facts and need not agree that the alleged facts constitute a valid cause of action"); *see also Garden City Boxing Club, Inc. v. Giambra*, 2004 WL 1698633, at *1 (W.D.N.Y. July 27, 2004) ("Prior to entering default judgment, the court must determine whether the facts alleged in the Complaint are sufficient to state a claim for relief as to each cause of action.").  "When the plaintiff's claims clearly lack merit, denial of a default judgment is the proper course of action for a court."  Moore's *Federal Practice* § 55.31 (3d ed. 2011).  A default judgment entered on the well-pleaded allegations of the complaint establishes a defendant's liability.  *Bambu Sales, Inc. v. Ozak Trading Inc.*, 58 F.3d 849, 854 (2d Cir. 1995) (citing *Hughes*, 449 F.2d at 69).  Upon establishing a defendant's liability, the only remaining question is whether the plaintiff has provided adequate evidentiary support, usually at a separate evidentiary proceeding, for the damages sought.  *Greyhound Exhibitgroup, Inc.*, 973 F.2d at 158.

"When the party against whom the default or default judgment is entered is a *pro se* litigant, an additional consideration is at play, namely, a concern about the ability of *pro se* litigants to protect their rights."  *Roberts v. Keith*, 2007 WL 2712853, at * 2

(S.D.N.Y. Sept. 18, 2007) (citing *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993)).  In making such determination, courts consider the Rule 55(c) "good cause" standard and its three factors, including willfulness on the part of the defaulting party, prejudice to the adversary, and the presentation of a meritorious defense, in determining whether entering default judgment against a *pro se* plaintiff is equitable.  *See Weitsman v. Levesque*, 2018 WL 1990218, at * 2 (N.D.N.Y. Apr. 25, 2018) (citing *Niepoth v. Montgomery Cty. Dist. Attorney's Office*, 177 F.R.D. 111, 112 (N.D.N.Y. 1998)).

In the context of default, "willfulness" refers to the defaulting party's conduct "that is more than merely negligent or careless."  *S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998) (determining default based on filing mistake, carelessness, or failure to respond to amended complaint that was never received did not indicate willfulness).  Because here, Plaintiff has submitted affidavits of service indicating the Summons and Complaint were personally served on Simms on September 5, 2017 (Dkt. 7-6), and on Thomas on August 22, 2017) (Dkt. 7-4), yet to date, neither has appeared in this action nor offered any explanation for failing to appear.  The willfulness factor thus weighs in favor of a default judgment.

With regard to the second factor, prejudice to the plaintiff concerns "the loss of evidence, increased difficulties of discovery, or greater opportunity for fraud and collusion – circumstances that make it more difficult for plaintiff to prosecute its case."  *Roberts*, 2007 WL 2712853, at *5 (contrasting prejudice with "inconvenience and aggravation").  Here, the complete failure of Simms and Thomas to appear in this action

7

renders Plaintiff unable to engage in any discovery with such Defendants.[4]  Accordingly, the second factor also supports a default judgment.

Finally, the Second Circuit has instructed with regard to the third factor that whether a meritorious defense is presented is "measured not by whether there is a likelihood that it will carry the day," but whether such defense would "if proven at trial present a complete defense." *Diakuhara*, 10 F.3d at 98.  Again, here, the complete failure of Simms and Thomas to appear, let alone to file an answer presenting any defense to Plaintiff's claims against them, can only be construed as indicating neither Simms nor Thomas has a defense which, if proven at trial, would require their exoneration on the claims pending against them.[5]  Accordingly, the third factor also weighs in favor of a default judgment against these two *pro se* Defendants.

With all three factors in favor of Plaintiff, Plaintiff has satisfied the requirements for a default judgment, and the court must now determine whether the Complaint plausibly alleges each of the asserted claims as required to survive a motion to dismiss under Fed.R.Civ.P. 12(b)(6).  *See Sky Vapors, LLC v. Blazynski*, 2018 WL 6696995, at * 2 (W.D.N.Y. Dec. 20, 2018) ("In considering whether to enter default judgment, a court must determine [ ][6] whether, drawing all reasonable inferences in the moving party's favor, the facts alleged in the complaint sate a claim for relief as to each cause of action. . . .").  In particular, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v.*

---

[4] As these Defendants are parties, discovery pursuant to Fed.R.Civ.P. 45 is, by definition, unavailable to Plaintiff.
[5] In contrast, Defendant Damico, by letter to the court (Dkt. 17), indicated the existence of such a defense as to him and, accordingly, the default as to this Defendant was vacated (Dkt. 33), and the court assigned Damico counsel.  (Dkt. 29).
[6] Unless otherwise indicated, bracketed material has been added.

*Iqbal*, (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is "plausible on its face" when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* It is against this standard that the court considers in turn each of the claims Plaintiff asserts against Simms and Thomas.

    **A.**    **Assault**

Under New York law, the tort of assault "is an intentional placing of another person in fear of imminent harmful or offensive contact." *Girden v. Sandals Int'l*, 262 F.3d 195, 203 (2d Cir. 2001). The tort of assault requires a plaintiff show that "the defendant intended 'either to inflict personal injury or to arouse apprehension of harmful or offensive bodily contact.'" *Bouveng v. NYG Capital LLC*, 2015 WL 3503947, at * 9 (S.D.N.Y. June 2, 2015) (quoting *Wahlstrom v. Metro-N Commuter R. Co.*, 89 F.Supp.2d 506, 528 (S.D.N.Y. 2000).

Here, Plaintiff's allegations that Defendant Thomas repeatedly kicked and beat Plaintiff and threw Plaintiff to the floor where Thomas continued to kick Plaintiff, *id.* ¶¶ 96 and 98, states a claim against Thomas for assault. Insofar as Plaintiff also asserts his assault claim against Simms, Plaintiff fails to allege any conduct by Simms that Simms intended to inflict personal injury on Plaintiff, but does allege Simms "coerced" Plaintiff from his cell with knowledge that Thomas intended to assault Plaintiff. Complaint ¶ 95. This allegation may plausibly be construed as asserting Simms likewise intentionally placed Plaintiff in fear of imminent harmful or offensive contact. Plaintiff thus has also stated a claim for assault as against Simms.

A default judgment should, therefore, be entered on Plaintiff's assault claim against both Simms and Thomas.

**B.     Battery**

Under New York law, the common law tort of battery is "an intentional wrongful physical contact with another person without consent." *Green v. City of New York*, 465 F.3d 65, 86 (2d Cir. 2006). To state a claim for battery, the plaintiff must allege "that there was bodily contact, that the contact was offensive, and that the defendant intended to make the contact without the plaintiff's consent." *Bastein v. Sotto*, 749 N.Y.S.2d 538, 538 (2d Dep't 2002).

In the instant case, Plaintiff alleges Defendant Thomas made offensive contact with Plaintiff when Thomas allegedly beat and kicked Plaintiff, Complaint ¶¶ 96, 98, 103, and that such contact was without Plaintiff's consent. *Id.* ¶ 106. Plaintiff thus has stated against Thomas a claim for battery under New York law. Although Plaintiff did not denominate Simms as a Defendant in the caption to his battery claim alleged in his Complaint filed while proceeding *pro se*, insofar as Plaintiff alleges that while he was laying on the floor after allegedly being kicked and beaten by Thomas, Defendant Simms dragged Plaintiff to another location "in total disregard of the serious nature of Plaintiff's injuries," *id.* ¶ 99, without Plaintiff's consent, *id.* ¶ 100, Plaintiff has alleged Simms engaged in "an intentional wrongful physical contact" offensive and without Plaintiff's consent. *Green*, 465 F.3d at 86. Accordingly, Plaintiff has also stated a claim for battery against Simms.

As such, a default judgment should be entered against both Simms and Thomas for battery.

### C. Intentional Infliction of Emotional Distress

Under New York law, the tort of intentional infliction of emotional distress "has four elements: (i) extreme and outrageous conduct; (ii) intent to cause, or disregard of a substantial probability of causing severe emotional distress; (iii) a causal connection between the conduct and injury; and (iv) severe emotional distress," *Howell v. New York Post Co.*, 612 N.E.2d 699, 702 (N.Y. 1993). The factual allegations in support of Plaintiff's intentional infliction of emotional distress claim, however, establish the claim is duplicative of Plaintiff's assault and battery claims and, in New York, claims for intentional infliction of emotional distress that are duplicative of assault and battery claims are routinely dismissed as fatally flawed. *See McGowan v. Town of Evans*, 2017 WL 5633389, at * 15 (W.D.N.Y. Sept. 13, 2017) (recommending dismissal of claims for intentional and negligent infliction of emotional distress premised on same conduct giving rise to claims of false arrest and excessive force (citing *Turley v. ISG Lackawanna, Inc.*, 774 F.3d 140, 159 (2d Cir. 2014) (explaining that an intentional infliction of emotional distress claim may not be sustainable under New York law where the conduct complained of falls within the ambit of other traditional tort liability)), *report and recommendation adopted*, 2017 WL 5598855 (W.D.N.Y. Nov. 21, 2017); *see also Sweeney v. Prisoners' Legal Servs. of N.Y., Inc.*, 538 N.Y.S.2d 370, 374 (3d Dep't 1989 (holding "a cause of action for intentional infliction of emotional distress should not be entertained 'where the conduct complained of falls well within the ambit of other traditional tort liability'" (quoting *Fischer v. Maloney*, 373 N.E.2d 1215, 1217 (N.Y. 1978))), *lv. to appeal dismissed*, 545 N.E.2d 872 (N.Y. 1989).

Accordingly, default judgment should not be entered on Plaintiff's claim for intentional infliction of emotional distress.

### D. Negligent Infliction of Emotional Distress

As to Plaintiff's negligent infliction of emotional distress claim, Complaint ¶¶ 116-23, under New York law such claim may be established according to either the 'bystander' theory, or, as relevant here, the 'direct duty' theory.[7] *Baker v. Dorfman*, 239 F.3d 415, 421 (2d Cir. 2000) (citing *Mortise v. United States*, 102 F.3d 693, 696 (2d Cir. 1006). "Under the 'direct duty' theory, a plaintiff suffers emotional distress caused by 'defendant's breach of a duty which unreasonably endangered [plaintiff's] own physical safety.'" *Id.* (brackets in original) (quoting *Mortise*, 102 F.3d at 696). A claim for negligent infliction of emotional distress under the direct duty theory, however, requires breach of a duty that is "specific to the plaintiff, and not some amorphous, free-floating duty to society." *Mortise*, 102 F.3d at 696 (citing *Johnson v. Jamaica Hospital*, 467 N.E.2d 502, 503 (N.Y. 1984)). In the instant case, Plaintiff has not alleged that either Defendant Simms or Defendant Thomas, both inmates at the ECCF, were charged with any specific duty to Plaintiff, other than an "amorphous, free-floating duty to society." *Mortise*, 102 F.3d at 696. Accordingly, Plaintiff has failed to state a claim for negligent infliction of emotional distress under the direct duty theory of liability.

New York also recognizes a cause of action for negligent infliction of emotional distress in cases where there is an especial likelihood of genuine and serious mental distress arising from special circumstances serving as a guarantee that the claim is not

---

[7] To establish negligent infliction of emotional distress under the bystander theory, the plaintiff must have sustained injuries "in consequence of shock or fright resulting from his or her contemporaneous observation of serious physical injury or death inflicted by the defendant's conduct on a member of the plaintiff's immediate family in his or her presence." *Bovsun v. Sanperi*, 461 N.E.2d 843, 844 N.Y. 1984).

12

spurious.  *Baker*, 239 F.3d at 421 (citing *Johnson v. State*, 334 N.E.2d 590, 592-93 (N.Y. 1975) (upholding claim for negligent infliction of emotional distress asserted by plaintiff who had been negligently misinformed by defendant hospital that her mother had died because under the circumstances the requisite "guarantee of genuineness" of the false message was supplied by evidence of the "causation and substantiality of the harm suffered" including the resulting serious psychological impact to the plaintiff and funeral expenditures incurred prior to realizing the defendant hospital's mistake).  In contrast, in the instant case, there are no such special circumstances pleaded that could serve as a guarantee that the claim is not spurious as New York law requires.  Accordingly, Plaintiff also fails to state a claim for negligent infliction of emotional distress based on any special circumstances serving as a guarantee that the claim is not spurious.  *Baker*, 239 F.3d at 421

Default judgment should not be entered on Plaintiff's negligent infliction of emotional distress claim.

### E. Negligence

Plaintiff asserts a negligence claim against Defendant Thomas, but not against Defendant Simms.  Complaint ¶¶ 133-37.  A claim for negligence under New York law requires "(1) a duty owed by the defendant to the plaintiff, (2) a breach thereof, and (3) injury proximately resulting therefrom*." Solomon by Solomon v. City of New York*, 489 N.E.2d 1294, 1294-95 (N.Y. 1985).  With regard to Plaintiff's negligence claim, the factual allegations asserted in support of such claim as against Defendant Thomas are essentially the same as those asserted in support of Plaintiff's claims against Thomas for assault and battery, *i.e.*, that Thomas intentionally struck and kicked Plaintiff,

13

throwing Plaintiff to the ground and injuring Plaintiff.  See Discussion, *supra*, at 9-10. The allegations in support of the claims for assault and battery, however, belie Plaintiff's negligence claim.  See *Pagan v. City of Rochester*, 2017 WL 4042545, at *9 (W.D.N.Y. Sept. 13, 2017) (dismissing for failure to state a claim for negligence because plaintiff's allegations that defendant used force belied factual allegations asserted in support of negligence, rendering negligence claim implausible) (citing *Mazzaferro v. Albany Motel Enterprises, Inc.*, 515 N.Y.S.2d 631, 632-33 (3d Dep't May 14, 1987) ("New York has adopted the prevailing modern view that once intentional offensive conduct has been established, the actor is liable for assault and not negligence, even when the physical injuries may have been inflicted inadvertently.").

Default judgment on the negligence claim should not be entered as against Defendant Thomas.

### E.     Denial of Medical Care

Plaintiff claims all Defendants denied Plaintiff proper and adequate medical care for the injuries Plaintiff maintains he received in the alleged physical assault and battery. Complaint ¶¶ 52-54.  Not only is it apparent that Plaintiff is asserting an Eighth Amendment denial of medical care claim against all Defendants without any regard to the fact that Defendants Simms and Thomas are not alleged to be state actors as required for liability under § 1983, but Plaintiff does not otherwise allege any facts under which, if true, either Simms or Thomas, both inmates at ECCF, would have any ability to obtain or provide medical treatment to Plaintiff.  Accordingly, Plaintiff has failed to state a plausible claim against Defendants Simms and Thomas for denial of medical care, such that no default judgment should be entered against them on this claim.

**2. Damages**

Insofar as Plaintiff seeks damages against Defendants Thomas and Simms on the state law claims, Plaintiff has not quantified the damages sought against these Defendants on such claims, nor are such damages readily quantified given the numerous Defendants sued. Significantly, "'[a] claim does not become certain merely because the complaint or affidavit identifies a purported total.'" *Bellet v. City of Buffalo*, 2010 WL 3522224, at * 3 (W.D.N.Y. Spet. 8, 2010) (quoting 10 *Moore's Federal Practice* § 55.20[3] (3d ed. 2010)). Further, "'[w]here liability is joint and several, the entry of default judgment against fewer than all defendants in an action is proper, [but] a damages hearing may not be held until the liability of each defendant has been resolved.'" *Kidd v. Andrews*, 340 F.Supp. 2d 333, 338 (W.D.N.Y. 2004) (quoting *Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.*, 722 F.2d 1319, 1324 (7th Cir. 1983)). Here, Plaintiff's state law claims are also asserted against Defendant Damico such that any damages awarded against Defendant Inmates cannot be apportioned until the case is resolved on the merits of these claims. Accordingly, any damages query must be deferred until the liability of the Defendant Inmates at trial or with dispositive motion practice. *Bellet*, 2010 WL 3522224 at * 3.

## CONCLUSION

Based on the foregoing, Plaintiff's motion for default judgment (Dkt. 7), should be GRANTED in part and DENIED in part. Default judgment should be entered against Defendants Simms and Thomas on the assault and battery claims, but not on the claims

15

for intentional infliction of emotional distress, negligent infliction of emotional distress, negligence, or denial of medical care.

                                    Respectfully submitted,

                                    /s/ *Leslie G. Foschio*
                                  _____
                                          LESLIE G. FOSCHIO
                              UNITED STATES MAGISTRATE JUDGE

DATED:      February 27, 2019
               Buffalo, New York

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(d) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.</u>**
*Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited*, 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Plaintiff and the Defendants.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:    February 27, 2019
          Buffalo, New York