UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CARL M. MILLER,                                                          DECISION
                    Plaintiff,                                                      and
            v.                                                                         ORDER

COUNTY OF ERIE, DEPARTMENT OF SHERIFF                 17-CV-00928W(F)
OF ERIE COUNTY, TIMOTHY B. HOWARD, Erie
County Sheriff, THOMAS DIINA, Superintendent,
LIEUTENANT KRZYSZTOF KANIA, SARGENT
CHRISTIAN J. SUNDBERG, OFFICER DEANNA J.
LATES, LIEUTENANT KAREN A. YETZER,
OFFICER KEITH L. ROBERTS, SARGENT
RICHARD J. ZOZACZKA, OFFICER D. PAUL
ROBINSON, OFFICER TIMOTHY M. WANAT,
DAVIS JULIAN, P.A., JAMES THOMAS, JOSEPH
DAMICO, ARIEL SIMMS, ROBERT GIBBENS, R.N.,
MAXIM HEALTHCARE SERVICES, INC., and
JOHN DOES 1-10,
                    Defendants.
_____

COUNTY OF ERIE, DEPARTMENT OF SHERIFF
OF ERIE COUNTY, TIMOTHY B. HOWARD, Erie
County Sheriff, THOMAS DIINA, Superintendent,
LIEUTENANT KRZYSZTOF KANIA, SERGAENT
CHRISTIAN J. SUNDBERG, OFFICER DEANNA J.
LATES, LIEUTENANT KAREN A. YETZER,
OFFICER KEITH L. ROBERTS, SARGENT
RICHARD J. ZOZACZKA, OFFICER D. PAUL
ROBINSON, OFFICER TIMOTHY M. WANAT,
DAVIS JULIAN, P.A., and ROBERT GIBBENS, R.N.,

                    Cross Claimants,

            v.

JOSEPH DAMICO, JAMES THOMAS,
and ARIEL SIMMS,
                    Cross Defendants.
_____

_____

COUNTY OF ERIE, DEPARTMENT OF SHERIFF
OF ERIE COUNTY, TIMOTHY B. HOWARD, Erie
County Sheriff, THOMAS DIINA, Superintendent,
LIEUTENANT KRZYSZTOF KANIA, SARGEANT
CHRISTIAN J. SUNDBERG, OFFICER DEANNA J.
LATES, LIEUTENANT KAREN A. YETZER,
OFFICER KEITH L. ROBERTS, SERGEANT
RICHARD J. ZOZACZKA, OFFICER D. PAUL
ROBINSON, OFFICER TIMOTHY M. WANAT,
DAVIS JULIAN, P.A., and ROBERT GIBBENS, R.N.,

       Counter Claimants,
  v.

CARL M. MILLER,
       Counter Defendant.
_____

| APPEARANCES: | SHAW & SHAW, P.C. |
|---|---|
| | Attorneys for Plaintiff and Counter Defendant |
| | LEONARD D. ZACCAGNINO |
| | 4819 South Park Avenue |
| | PO Box 846 |
| | Hamburg, New York 14075 |
| | |
| | MICHAEL A. SIRAGUSA |
| | ERIE COUNTY ATTORNEY |
| | Attorney for Defendants, Cross Claimants, and |
| |  Counter Claimants County of Erie, Erie County Sheriff, |
| |  Howard, Diina, Kania, Sundberg, Lates, Yetzer, |
| |  Roberts, Zozaczka, Wanat, Julian, and Gibbens |
| | ANTHONY B. TARGIA, and |
| | ERIN ELIZABETH MOLISANI |
| | Assistant Erie County Attorneys, of Counsel |
| | 95 Franklin Street |
| | 16th Floor |
| | Buffalo, New York 14202 |
| | |
| | KEYHANI LLC |
| | Attorneys for Defendant and Cross Defendant Damico |
| | DARIUSH KEYHANI, of Counsel |
| | 1050 30th Street, NW |
| | Washington, District of Columbia 20007 |
| |    and |

MEREDITH & KEYHANI PLLC
FRANCES H. STEPHENSON, of Counsel
205 Main Street
East Aurora, New York  14052

COLUCCI & GALLAGHER, P.C.
Attorneys for Defendant Maxim Healthcare Svcs., Inc.
PAUL G. JOYCE, of Counsel
2000 Liberty Building
424 Main Street
Buffalo, New York  14202-3695

## **JURISDICTION**

This case was referred to the undersigned by Honorable Lawrence J. Vilardo on March 19, 2018, for all pretrial matters including preparation of a report and recommendation on dispositive motions.  The matter is presently before the court on the County Defendants' motion to dismiss or for sanctions (Dkt. 52), filed March 7, 2019.

## **BACKGROUND and FACTS**[1]

On August 17, 2017, Plaintiff Carl M. Miller ("Plaintiff" or "Miller"), commenced this action alleging violations of Plaintiff's civil rights under 42 U.S.C. § 1983 and asserting various state law claims against Defendants County of Erie, Department of Sheriff of Erie County, Erie County Sheriff Timothy B. Howard, Superintendent Thomas Diina, Lieutenant Krysztof Kania, Sergeant Christian J. Sundberg, Officer Deanna J. Lates, Lieutenant Karen A. Yetzer, Officer Keith L. Roberts, Sergeant Richard J. Zozaczka, Officer D. Paul Robinson, Officer Timothy M. Wanat, P.A. Davis Julian, and R.N. Robert Gibbens (together, "County Defendants"), as well as Defendants James Thomas ("Thomas"), Joseph Damico ("Damico"), Ariel Simms ("Simms"), and Maxim

---

[1] The Facts are taken from the pleadings and motion papers filed in this action.

3

Healthcare Services, Inc. (together, "Defendants").  Plaintiff's claims pertain to a beating inflicted on Plaintiff's head and face on September 29, 2016, while Plaintiff incarcerated at the Erie County Holding Center ("ECHC"), in Buffalo, New York ("the incident"). Plaintiff alleges that as a result of the incident, he sustained significant injuries, particularly to his head and face, for which Plaintiff was denied necessary medical treatment, requiring Plaintiff undergo two surgical procedures to monitor pressure on his brain and to be placed in a medically induced coma.  Plaintiff maintains the residual effects he continues to suffer from the injuries have, *inter alia*, impaired Plaintiff's future earnings capacity and contributed to Plaintiff's relapse into substance abuse.  On September 18, 2017, County Defendants removed the matter to this court asserting federal question as the basis for jurisdiction.  On September 20, 2017, County Defendants filed their answer (Dkt. 2), asserting cross claims against Defendants Thomas, Damico, and Simms, and a counter claim against Plaintiff.

In connection with discovery in this action, County Defendants moved on November 14, 2018, pursuant to Fed.R.Civ.P. 35, for a court order compelling Plaintiff appear on January 3, 2019, for an independent medical examination ("IME") by neurologist Sherry Leitch, M.D. ("Dr. Leitch"), who Defendants have retained as an expert witness concerning Plaintiff's claimed injuries and damages.  (Dkt. 46) ("Motion to Compel").  By Order filed November 21, 2018 (Dkt. 47), the undersigned granted the Motion to Compel.  Because Plaintiff was arrested on unrelated charges and incarcerated, Plaintiff was unable to attend the January 3, 2019 IME by Dr. Leitch, and the IME was rescheduled for February 28, 2019.  (Dkts. 48 and 49).  Plaintiff, however, failed to appear for the February 28, 2019 IME.  Accordingly, County Defendants filed

4

the instant motion on March 7, 2019 (Dkt. 52) ("County Defendants' Motion"), seeking an order dismissing Plaintiff's Complaint for failure to comply with court-ordered discovery or, alternatively, the imposition of sanctions prohibiting Plaintiff from offering testimony or evidence concerning his claimed neurological/head injuries. County Defendants' Motion is supported by the attached Declaration of Assistant County Attorney Erin E. Molisani ("Molisani Declaration"), and Defendants' Memorandum of Law in Support of Their Motion for Dismissal/Sanctions (Dkt. 52-1) ("County Defendants' Memorandum"). On March 18, 2019, Plaintiff filed the Affidavit of Leonard D. Zaccagnino, Esq. in Opposition to Defendants' Motion to Dismiss (Dkt. 54) ("Zaccagnino Affidavit"), attaching the Affidavit of Carl Miller in Opposition to Defendants' Motion to Dismiss (Dkt. 54-1) ("Plaintiff's Affidavit"), and an exhibit (Dkt. 54-2) ("Plaintiff's Exhibit"). On March 26, 2019, County Defendants filed in further support of County Defendants' Motion the Reply Affidavit of Assistant Erie County Attorney Molisani (Dkt. 56) ("Molisani Reply Affidavit").

Based on the following, County Defendants' Motion seeking as sanctions dismissal of the Complaint or, alternatively, an order precluding Plaintiff from presenting any evidence or testimony in support of his claimed head injuries is DENIED.[2]

---

[2] Although County Defendants seek as a sanction dismissal of the Complaint which, if imposed, would be dispositive of the action, in determining whether a motion for discovery sanctions is dispositive or non-dispositive, "'the critical factor is what sanction the magistrate judge actually imposes, rather than the one requested by the party seeking sanctions.'" *Royal Park Investments SA/NV v. U.S. Bank National Association*, 349 F.Supp.3d 298, 303-04 (S.D.N.Y. 2018) (quoting *Khatabi v. Bonura*, 2016 WL 8838889, at *3 (S.D.N.Y. Apr. 21, 2016)). Further, the Second Circuit Court of Appeals recognizes that motions for sanctions under Rule 37(b) generally are considered non-dispositive, although "the *imposition* of certain sanctions under Rule 37, in some instances, may be considered 'case-dispositive,' requiring de novo review." *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990) (italics added).

**DISCUSSION**

County Defendants' Motion seeks dismissal of the Complaint pursuant to Fed.R.Civ.P. 16(f)(1)(C) ("Rule 16(f)(1)(C)"), 35(a) ("Rule 35(A)"), 37(b)(2)(A) and (B) ("Rule 37(b)(2) __"), and 41(b) ("Rule 41(b)").  County Defendants' Memorandum at 2-3.  County Defendants argue in support of dismissal that Plaintiff's appearance for the court-ordered neurological IME by Dr. Leitch is necessitated by the myriad of head injuries Plaintiff allegedly sustained as a result of the incident and that Plaintiff's repeated failure to attend the IME which was already rescheduled once at Plaintiff's request, requires dismissal of the Complaint or, alternatively, a court-order barring Plaintiff from offering evidence or testimony regarding his alleged head injuries.  *Id*. at 4-5.  In opposition, Plaintiff asserts that the injuries Plaintiff sustained as a result of the incident, and for which he sues, have negatively affected Plaintiff's reasoning and comprehension skills and contributed to Plaintiff's relapse into substance abuse for which Plaintiff continues to pursue drug rehabilitation and detoxification programs.  Zaccagnino Affidavit ¶¶ 2-7; Plaintiff's Affidavit ¶¶ 2-6.  Plaintiff advises that although his recent incarceration prevented him from attending the IME initially scheduled for January 3, 2019, he paid the associated "no-show" fee, and offered to pay the no-show fee for the rescheduled February 28, 2019 IME, Zaccagnino Affidavit ¶¶ 8-9, and maintains he is "seriously attempting to get his life back on track," which attempts include admitting himself to an inpatient drug rehabilitation and detoxification program, from which he was discharged on March 13, 2019, but continues to receive out-patient therapy.  Zaccagnino Affidavit ¶ 10; Plaintiff's Affidavit ¶¶ 7-9.  In light of his circumstances, Plaintiff requests another opportunity to attend the IME by Dr. Leitch.

Zaccagnino Affidavit ¶ 11; Plaintiff's Affidavit ¶ 10.  In further support of dismissal, County Defendants argue Plaintiff neither provides any excuse for failing to comply with the court-ordered discovery nor provides any argument refuting the caselaw on which County Defendants rely in support of their motion.

It is undisputed that the undersigned's Order filed November 21, 2018, was pursuant to Rule 35(a)(1) which provides the court with authority to "order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner."  Further, the various procedural rules on which County Defendants rely provide for the dismissal of a complaint for failure to comply with court orders and the applicable Federal Rules of Civil Procedure.  In particular, Rule 16(f)(1)(C) provides for imposition of sanctions, including dismissal of the complaint for "fail[ing][3] to obey a scheduling or other pretrial order."  Rule 37(b)(2)(A) and (B), respectively, provide for imposition of sanctions for failing to comply with court-ordered discovery, and for failing to produce a person for a court-ordered examination under Rule 35(a).  Furthermore, Rule 41(b) permits the involuntary dismissal of an action if a plaintiff fails to comply with the Federal Rules of Civil Procedure or a court order.  Nevertheless, district courts have "'broad discretion in fashioning an appropriate sanction' to address discovery-related abuses."  *Roberts v. Bennaceur*, 58 F.App'x 611, 614 (2d Cir. 2016) (quoting *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 101 (2d Cir. 2002)).

Regardless of which rule is invoked, the factors relevant to a sanctions motion are similar.  In particular, the sanctions available under Rule 16(f) are the same as

---

[3] Unless otherwise indicated, bracketed material has been added.

7

those available under Rule 37(b), and require consideration of the same factors applicable to the imposition of Rule 37(b) sanctions. *See Rahman v. Red Chili Indian Café, Inc.*, 2019 WL 6619893, at * 3 (S.D.N.Y. July 12, 2019) (citing cases). Courts contemplating sanctions under Rule 37(b) must consider (1) the non-compliant party's willfulness and the reason for the non-compliance, (2) the efficacy of lesser sanctions, (3) the duration of the non-compliance, and (4) whether the non-compliant party was warned of the consequences of failing to comply. *Agiwal v. Mid Island Mortgage Corp.*, 555 F.3d 298, 302 (2d Cir. 2009). Before imposing the extreme sanction of dismissal, the court must find willfulness, bad faith, or fault on the part of the individual from whom the discovery is sought. *Bobal v. Rensselaer Polytechnic Inst.*, 916 F.2d 759, 764 (2d Cir. 1990.

A court considering dismissal under Rule 41(b), must weigh five factors including "'(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.'" *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). No one factor is dispositive, *id.* (citing *Nita v. Connecticut Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994), and dismissal is the harshest sanction requiring "'procedural prerequisites'" including "'notice of the sanctionable conduct, the standard by which it will be assessed and an opportunity to be heard.'" *Id.* (quoting *Mitchell v. Lyons Prof'l*

*Servs., Inc.*, 708 F.3d 463, 467 (2d Cir. 2013)). In the instant case, although the court does not condone Plaintiff's failure to appear for the IME, the factors considered pursuant to Rule 37(b) and 41(b) weigh against the imposition of harsh sanctions at this time.

Specifically, in their Motion to Compel Plaintiff to appear for the IME, Defendants did not argue the motion was necessitated by Plaintiff's refusal to voluntarily submit for such examination, and the November 21, 2018 Order directing Plaintiff appear for the IME does not warn Plaintiff that failing to appear as scheduled for the IME could result in the dismissal of the Complaint. County Defendants also admit they were notified by Plaintiff's counsel of Plaintiff's inability to appear for the IME scheduled for January 3, 2019, prior to the appointment. Molisani Declaration ¶ 8 ("Plaintiff's counsel advised prior to the [January 3, 2019] examination that plaintiff would be unable to attend the examination due to his incarceration."). Accordingly, Plaintiff can be held responsible for only one unexcused failure to attend the IME, *i.e.*, the IME that was rescheduled for February 28, 2019. Nor do County Defendants dispute that Plaintiff's counsel has paid or has agreed to pay the "no-show" fees incurred by County Defendants assessed when Plaintiff failed to attend the IME both as originally scheduled for January 3, 2019, and rescheduled for February 28, 2019. *See* Zaccagnino Affidavit ¶¶ 8 and 9 (averring the "no-show" fees for the January 3, 2019 IME were paid by Plaintiff's counsel who has agreed to pay for any "no-show" fees assessed by Dr. Leitch for the February 28, 2019 IME). County Defendants have not indicated how the delay is unduly prejudicial to them. Nor is there any indication that lesser sanctions would not be effective. Moreover, the court cannot ignore that the very injuries Plaintiff maintains he sustained

9

as a result of the incident on which this action is premised could very likely contribute to Plaintiff's failure to appear as scheduled and without notice.  Accordingly, County Defendants' motion for the extreme sanction of dismissal is DENIED.  Further, the alternative sanction of precluding Plaintiff from presenting any evidence or testifying about his alleged injuries would be tantamount to dismissing the Complaint and, thus, is also DENIED.

Although County Defendants' requests for sanctions are denied, the court is cognizant of their need for Plaintiff to submit to the neurological IME.  Accordingly, Plaintiff shall appear for an IME by Dr. Leitch by Friday, March 27, 2020.

## **CONCLUSION**

Based on the foregoing, County Defendants' Motion (Dkt. 52) is DENIED. Plaintiff is directed to appear for IME by Dr. Leitch by March 27, 2019.  PLAINTIFF IS ADVISED HIS FAILURE TO COMPLY WITH THIS ORDER MAY RESULT IN SANCTIONS INCLUDING THE HARSH SANCTION OF DISMISSAL OF THE COMPLAINT.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____
　　　　　LESLIE G. FOSCHIO
　　UNITED STATES MAGISTRATE JUDGE

DATED:　　January 29, 2020
　　　　　　Buffalo, New York