UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CARL M. MILLER,

                Plaintiff,

      v.

COUNTY OF ERIE, TIMOTHY B.
HOWARD, Erie County Sheriff,
THOMAS DIINA, Superintendent,
LIEUTENANT KRZYSZTOF KANIA,
SERGEANT CHRISTIAN J.
SUNDBERG, OFFICER DEANNA J.
LATES, LIEUTENANT KAREN A.
YETZER, OFFICER KEITH L.
ROBERTS, SERGEANT RICHARD J.
ZOZACZKA, JAMES THOMAS,
JOSEPH DAMICO, ARIEL SIMMS, and
JOHN DOES 1-10,

                Defendants.
_____

**DECISION AND ORDER**

1:17-CV-00928 EAW

## <u>INTRODUCTION</u>

Plaintiff Carl Miller ("Plaintiff") commenced the instant lawsuit pursuant to 42 U.S.C. § 1983 alleging that moving defendants County of Erie ("Erie County"), Timothy B. Howard ("Sheriff Howard"), Thomas Diina ("Diina"), Lieutenant Krzysztof Kania ("Kania"), Sergeant Christian J. Sundberg ("Sundberg"), Officer Deanna Lates ("Lates"), Lieutenant Karen Yetzer ("Yetzer"), Officer Keith Roberts ("Roberts"), and Sergeant Richard J. Zozackzka ("Zozackzka") (collectively "Moving Defendants") and others violated his constitutional rights when he was assaulted by another inmate while incarcerated and sustained serious personal injuries. Presently before the Court is the

- 1 -

Moving Defendants' motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 and for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).  (Dkt. 75).  For the reasons that follow, the Moving Defendants' motion is granted in part and denied in part.

## BACKGROUND

The following facts are derived from the Moving Defendants' Statement of Undisputed Material Facts submitted in support of their motion for summary judgment (Dkt. 75-8) ("Moving Defendants' Statement").  Plaintiff failed to submit an opposing statement of material facts as required by this District's Local Rules of Civil Procedure. Instead, Plaintiff filed a 155-paragraph affirmation which expressly indicates that Plaintiff adopts the Moving Defendants' Statement (Dkt. 78 at ¶ 3 ("The facts of this matter are as set forth in the Statement of Material Facts of Erin. E. Molisani, Esq. dated September 16, 2020 and will not be reiterated herein.")), but then proceeds to challenge many of the Moving Defendants' factual assertions, supply a multitude of additional factual assertions of his own, and assert legal argument[1] contending, among other things, that genuine issues of material fact preclude summary judgment for the Moving Defendants.

Local Rule of Civil Procedure 56(a)(2) provides that "[e]ach numbered paragraph in the moving party's statement of material facts may be deemed admitted for purposes of the motion unless it is specifically controverted by a correspondingly numbered paragraph

---

[1]     The Court notes that Plaintiff's affirmation violates this District's Local Rules, which prohibit the inclusion of legal argument in an affirmation.  *See* Local R. Civ. P. 7(a)(3) ("An affidavit, declaration, or affirmation must not contain legal arguments, but must contain factual and procedural background relevant to the motion it supports.").

in [an] opposing statement."  Although a district court should not deem unopposed facts to be admitted when those facts are unsupported by the record, *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73-74 (2d Cir. 2001), a district court has discretion to deem facts admitted for lack of compliance with its local rules, *see N.Y. State Teamsters Conference Pension & Ret. Fund v. Express Servs., Inc.*, 426 F.3d 640, 648-49 (2d Cir. 2005) (it was within district court's discretion to deem the moving party's statement of material facts admitted where the opposing party "offered mostly conclusory denials" and "failed to include any record citations" contrary to the district's local rules); *Gubitosi v. Kapica*, 154 F.3d 30, 31 n.1 (2d Cir. 1998) (because plaintiff failed to respond to defendant's statement of material facts submitted in accordance with local rules, "the material facts contained in his statement are deemed to be admitted as a matter of law").  Because Plaintiff's affirmation adopts the material facts set forth by the Moving Defendants and summarized below, the Court has accepted the Moving Defendants' factual assertions to the extent they are supported by the evidence of record and not directly controverted by facts and exhibits submitted in support thereof.  Where a fact is disputed, the Court has noted the same.

In September 2016, Plaintiff was detained at the Erie County Holding Center and the Erie County Correctional Facility when the events giving rise to his complaint occurred. (Moving Defendants' Statement at ¶ 1).  Upon his initial intake at the Erie County Holding Center, Plaintiff indicated that he did not have any enemies.  (*Id.* at ¶ 3).  But while at the Holding Center, Plaintiff had a conflict with another inmate who stole his shoes.  (*Id.* at ¶¶ 4, 5).  When Plaintiff saw the inmate wearing his shoes, Plaintiff reported it to an officer.  (*Id.* at ¶ 6).  As a result of making this report, Plaintiff was locked in his room for the night

and then moved to the Erie County Correctional Facility in Alden, New York, the following morning.  (*Id.* at ¶ 7).  Plaintiff testified that other inmates at the Erie County Correctional Facility were aware that Plaintiff's shoes were taken and then returned to him after he spoke to an officer. (Dkt. 78 at ¶ 30).  Initially, Plaintiff was placed in the Hotel unit of the Correctional Facility, but when he again felt threatened and remained fearful, he requested to be moved and was moved to the Echo unit. (Moving Defendants' Statement at ¶¶ 8, 9).

Plaintiff continued to feel threatened and concerned for his safety in the Echo unit and locked himself in his cell as a result.  (*Id.* at ¶¶ 10, 11).  Plaintiff testified that he notified the officers of his fear.  (Dkt. 78 at ¶ 40).  On the day of the incident, September 30, 2016, Plaintiff ate breakfast and lunch in his cell but was ultimately convinced to come out of his cell by another inmate.  (Moving Defendants' Statement at ¶¶ 12, 13, 14).  He went outside of his cell and was watching television for about a half an hour when he was assaulted by an assailant that he did not know before the assault, but later determined to be defendant James Thomas ("Thomas").  (*Id.* at ¶¶ 16, 19).  Directly before the assault occurred, no one said anything to him and he had no inclination that Thomas would assault him.  (*Id.* at ¶¶ 20, 22).  As a result of the assault, Plaintiff suffered traumatic brain injuries, was placed in a medically induced coma, remained in critical condition for an extended period of time, and required several surgical procedures.  (Dkt. 78 at ¶ 9).

If a corrections officer is seated at the desk in the Echo unit and the inmates are in the common area, there are areas that are not able to be seen by the corrections officer from that viewpoint.  (Moving Defendants' Statement at ¶ 32).  Roberts was assigned to the Echo unit on the day Plaintiff was assaulted and Sundberg was the sergeant in charge of

supervising the corrections officers.  (*Id.* at ¶¶ 33, 36).  When a medical emergency was called as a result of the incident, Sundberg responded and was the first supervisor to report. (*Id.* at ¶ 38).  Zozaczka also heard the medical emergency call and reported to the Echo unit, where he was primarily concerned with making sure the unit was safe and secure.  (*Id.* at ¶¶ 42, 43).  Zozaczka wrote an incident report and indicated that the cause of injury was unknown because initially, he was not aware whether Plaintiff was assaulted or had fallen. (*Id.* at ¶ 44).

Plaintiff commenced the instant lawsuit on August 1, 2017, in New York State Supreme Court, Erie County.  (Dkt. 1-1).  Defendants removed the matter to this Court on September 18, 2017 (Dkt. 1).  Erie County, defendant Department of Sheriff of Erie County, Sheriff Howard, Diina, Kania, Sundberg, Lates, Yetzer, Roberts, Zozaczka, defendant Officer Paul Robinson ("Robinson"), defendant Officer Timothy Wanat ("Wanat"), defendant David Julian ("Julian"), and defendant Robert Gibbens ("Gibbens") filed an answer on September 20, 2017, as well as a crossclaim against Thomas, defendant Joseph Damico, and defendant Ariel Simms ("Simms"), and a counterclaim against Plaintiff.  (Dkt. 2).

On October 2, 2018, the claims against defendant Maxim Healthcare Services, Inc. were dismissed by stipulation.  (Dkt. 37).  Default judgment was entered against Thomas and Simms on March 18, 2019.  (Dkt. 55).  On September 10, 2020, the parties filed a stipulation of dismissal dismissing the claims against defendants Department of Sheriff of Erie County, Robinson, Wanat, Julian, and Gibbens.  (Dkt. 73).  The stipulation also dismissed Plaintiff's fourth, seventh, and eighth causes of action.  (*Id.*).

- 5 -

The Moving Defendants filed the instant motion for summary judgment and for judgment on the pleadings on September 16, 2020.  (Dkt. 75).  Plaintiff filed a response in opposition on October 2, 2020 (Dkt. 78), and the Moving Defendants filed a reply on October 5, 2020 (Dkt. 79).

## DISCUSSION

### I.    Legal Standard

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment should be granted if the moving party establishes "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).[2]  The Court should grant summary judgment if, after considering the evidence in the light most favorable to the nonmoving party, the Court finds that no rational jury could find in favor of that party.  *Scott v. Harris*, 550 U.S. 372, 380 (2007) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)).

"The moving party bears the burden of showing the absence of a genuine dispute as to any material fact. . . ."  *Crawford v. Franklin Credit Mgmt. Corp.*, 758 F.3d 473, 486 (2d Cir. 2014).  "Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the

---

[2]    The Court notes that Plaintiff erroneously cites to the New York Civil Practice Rules as the legal standard to be applied.  *Demutis v. Sally Beauty Supply LLC*, No. 09CV92A, 2011 WL 1198197, at *3 (W.D.N.Y. Feb. 17, 2011) ("Since this action was removed to federal court, the Federal Rule of Civil Procedure 56 summary judgment standards apply and not those under New York procedural law."), *report and recommendation adopted*, No. 09-CV-092, 2011 WL 1154283 (W.D.N.Y. Mar. 29, 2011).

non-movant's burden of proof at trial." *Johnson v. Xerox Corp.*, 838 F. Supp. 2d 99, 103 (W.D.N.Y. 2011) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).  Once the moving party has met its burden, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts, and may not rely on conclusory allegations or unsubstantiated speculation." *Robinson v. Concentra Health Servs., Inc.*, 781 F.3d 42, 44 (2d Cir. 2015) (quoting *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011)).   Specifically, the non-moving party "must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Brown*, 654 F.3d at 358.   Indeed, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

"Judgment on the pleadings may be granted under Rule 12(c) where the material facts are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings." *McAuliffe v. Barnhart*, 571 F. Supp. 2d 400, 402 (W.D.N.Y. 2008).  "In deciding a Rule 12(c) motion for judgment on the pleadings, the court should 'apply the same standard as that applicable to a motion under Rule 12(b)(6), accepting the allegations contained in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party.'" *Aboushama v. EMF Corp.*, 214 F. Supp. 3d 202, 205 (W.D.N.Y. 2016) (quoting *Mantena v. Johnson*, 809 F.3d 721, 727-28 (2d Cir. 2015)).

"In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents

attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010).  To withstand dismissal, a complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted).  "To state a plausible claim, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *Nielsen v. AECOM Tech. Corp.*, 762 F.3d 214, 218 (2d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555).

The Court will address in turn each of Plaintiff's claims asserted against the Moving Defendants.

## II.    <u>State Law Negligence Claims</u>

In his first cause of action (Dkt. 1-1 at ¶¶ 29-37), Plaintiff asserts a negligence claim against Erie County, Sheriff Howard, Diina, Kania, Sundberg, Lates, Yetzer, Roberts, and Zozaczka.  The claim alleges that while under the care of these parties, Plaintiff sustained

serious personal injuries that were caused by these Defendants' own negligent conduct or on the part of their employees.  And in his Sixteenth claim (*id.* at ¶¶ 138-142), Plaintiff asserts a second negligence claim against the same defendants.[3]  The Court does not discern a meaningful difference between the two negligence claims, nor has Plaintiff advanced any reason for them to be asserted independently.  Accordingly, the court will address the two negligence claims against the Moving Defendants collectively.

### A.    Erie County

The Moving Defendants first contend that Erie County is entitled to summary judgment on Plaintiff's negligence causes of action.  (Dkt. 75-9 at 10).  The Court grants the Moving Defendants' motion with respect to this defendant for the reasons that follow.

Under New York law, "[a] county may not be held responsible for the negligent acts of the Sheriff and his deputies on the theory of *respondeat superior*, in the absence of a local law assuming such responsibility."  *Marashian v. City of Utica*, 214 A.D.2d 1034, 1034 (4th Dep't 1995); *see Saleh v. Savage*, No. 12-CV-0468S, 2015 WL 1608839, at *7 (W.D.N.Y. Apr. 10, 2015) (same) (collecting cases); *Mosey v. County of Erie*, 117 A.D.3d 1381, 1385 (4th Dep't 2014) (same).  Plaintiff does not dispute the Moving Defendants' contention that Erie County has never passed a local law assuming responsibility for the

---

[3]    Plaintiff also asserts negligence claims against John Does, but they have neither been identified nor appeared in this action.  Similarly, he asserts § 1983 claims and a respondeat superior claim against John Does, but again they have not appeared.  Therefore, the Court does not address the viability of these claims against the John Does, at least at this stage of the proceedings.  *See Abreu v. City of New York*, 657 F. Supp. 2d 357, 363 (E.D.N.Y. 2009) ("Where a plaintiff names 'John Doe' as a placeholder defendant because he does not know the identity of an individual defendant, he generally is required to replace the placeholder with a named party within the applicable statute of limitations period.").

negligent actions of the Sheriff and his deputies. *See Wierzbic v. County of Erie*, No. 13-CV-978S, 2018 WL 550521, at \*10 (W.D.N.Y. Jan. 25, 2018) ("Erie County has not adopted a local rule carving out an exception holding it liable for the acts of the Sheriff or Sheriff's office employees[.]"); *Villar v. County of Erie*, 126 A.D.3d 1295, 1296-97 (4th Dep't 2015) ("Defendant may not be held responsible for the negligent acts of the Sheriff and his deputies on the theory of respondeat superior, in the absence of a local law assuming such responsibility, and here there is no such local law." (quotation and citations omitted)); *Mosey*, 117 A.D.3d at 1385 ("[I]nasmuch as the County did not assume such responsibility by local law, the court properly dismissed the fourth cause of action in its entirety and those claims based on such vicarious liability in the third cause of action[.]").

For these reasons, Plaintiff's first cause of action and sixteenth cause of action for negligence are dismissed to the extent they are asserted against Erie County.

### B.    Sheriff Howard

"The elements of a negligence claim under New York law are: (i) a duty owed to the plaintiff by the defendant; (ii) breach of that duty; and (iii) injury substantially caused by that breach." *Pasternack v. Lab'y Corp. of Am. Holdings*, 807 F.3d 14, 19 (2d Cir. 2015) (quotation omitted). "It is axiomatic that there can be no claim for negligence in the absence of a duty of care, running to the injured party," and "[t]he existence and scope of a duty is an issue of law for the court to determine." *Kennedy-McInnis v. Biomedical Tissue Servs., Ltd.*, 178 F. Supp. 3d 97, 102 (W.D.N.Y. 2016). While a sheriff has a duty to keep jails safe, "a sheriff cannot 'be held vicariously liable for the tortious conduct of corrections officers arising out of their performance of a criminal justice function . . . [and] may only

be held liable 'for his own negligence.'" *Barrett v. Livingston Cty., New York*, No. 14-CV-6593-FPG, 2019 WL 1083027, at \*17 (W.D.N.Y. Mar. 7, 2019) (quoting *Burke v. Warren Cnty. Sheriff's Dep't*, 890 F. Supp. 133, 139 (N.D.N.Y. 1995)).

Here, Plaintiff does not contend or advance any evidence that Sheriff Howard was personally negligent or was at all involved in any of the circumstances leading to Plaintiff's assault. For this reason, Sheriff Howard's motion for summary judgment on Plaintiff's first cause of action and sixteenth cause of action for negligence is granted.

### C.   Diina, Kania, Sundberg, Lates, and Yetzer

Finally, the Moving Defendants argue that Plaintiff cannot point to any acts or omissions by Diina, Kania, Sundberg, Lates, and Yetzer that would amount to a breach of duty to Plaintiff. The Court agrees. Plaintiff has not advanced any evidence at all setting forth how Diina, Kania, Sundberg, Lates, and Yetzer breached any duty to Plaintiff causing injury.[4] Accordingly, the Court grants the Moving Defendants' motion for summary judgment with respect to any negligence claims asserted by Plaintiff against Diina, Kania, Sundberg, Lates, and Yetzer.

### III.   Section 1983 Claims

Plaintiff's second cause of action, styled as an independent claim, alleges that defendants Erie County, Sheriff Howard, Diina, Kania, Sundberg, Lates, Yetzer, Roberts, and Zozaczka deprived him of rights guaranteed by the United States Constitution and are

---

[4]   The Court notes that the Moving Defendants have not moved for summary judgment on the first cause of action for negligence asserted against Roberts and Zozaczka and accordingly, these claims for negligence will proceed.

liable under 42 U.S.C. § 1983. (Dkt. 1-1 at ¶¶ 38-43). He separately asserts three additional causes of action arising pursuant to § 1983: his third cause of action against these same defendants for a failure to protect (*id.* at ¶¶ 44-51), fifth cause of action against the same defendants for municipal liability/failure to train (*id.* at ¶¶ 55-63), and fourteenth cause of action against Erie County, Sheriff Howard, Diina, Kania, and Sundberg for failure to intervene (*id.* at ¶¶ 124-132). Following a discussion of § 1983, the Court will address each claim in turn.

"To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. Cty. of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir. 1994)). "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)); *N.J. v. NYC Dep't of Educ.*, No. 18-CV-6173 (JMF), 2021 WL 965323, at *13 (S.D.N.Y. Mar. 15, 2021) ("It is well settled that § 1983 does not create any new substantive rights, but merely provides a federal cause of action for violations of certain federal rights." (quoting *S.W. ex rel. J.W. v. Warren*, 528 F. Supp. 2d 282, 297 (S.D.N.Y. 2007)).

To establish individual liability under § 1983, a plaintiff must allege that individual's personal involvement in the alleged constitutional violation. *Rupp v. City of Buffalo*, No. 17-CV-1209S, 2021 WL 1169182, at *5 (W.D.N.Y. Mar. 29, 2021); *see also*

*Tangreti v. Bachmann*, 983 F.3d 609, 616 (2d Cir. 2020) (a § 1983 plaintiff must establish "that each Government-official defendant, through the official's own individual actions, has violated the Constitution").  As a threshold matter, the Court notes that Plaintiff here has sued the individually named defendants only in their official—and not their individual—capacities.  Indeed, Plaintiff does not argue in his opposition to the instant motion that he has asserted individual capacity claims against any of the individually named defendants.  "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.  It is *not* a suit against the official personally, for the real party in interest is the entity."  *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (citation omitted); *see also Adams-Flores v. City of New York*, No. 18-CV-12150 (JMF), 2020 WL 996421, at *4 (S.D.N.Y. Mar. 2, 2020) ("[Plaintiff's] Section 1983 claims brought against the individual Defendants in their official capacities are dismissed as duplicative of the claims against the City." (citing *Anemone v. Metro. Transp. Auth.*, 410 F. Supp. 2d 255, 264 n.2 (S.D.N.Y. 2006) ("An official-capacity suit is . . . to be treated as a suit against the entity. . . . Where, as here, the entity also is named as a defendant, the official capacity claims are redundant and are properly dismissed."))); *Phillips v. Cty. of Orange*, 894 F. Supp. 2d 345, 385 n.35 (S.D.N.Y. 2012) ("Within the Second Circuit, where a plaintiff names both the municipal entity and an official in his or her official capacity, district courts have consistently dismissed the official capacity claims as redundant.").  Accordingly, Plaintiff's § 1983 official capacity claims against Sheriff Howard, Diina, Kania, Sundberg, Lates, Yetzer, Roberts, and Zozaczka—the only § 1983 claims he has asserted against them—are coextensive with his claims against Erie County and appropriately dismissed.

- 13 -

In addition, a § 1983 claim asserted against a municipality is subject to additional requirements. *Monell v. Department of Social Services*, 436 U.S. 658 (1978), "extends liability to a municipal organization where that organization's failure to train, or the policies or customs that it has sanctioned, led to an independent constitutional violation." *Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006). "A plaintiff making a *Monell* claim against a municipality must establish three elements: '(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right.'" *Blazina v. Port Auth.*, No. 06-cv-481, 2008 WL 919671, at *6 (S.D.N.Y. Apr. 1, 2008) (quoting *Batista v. Rodriguez*, 702 F.2d 393, 397 (2d Cir. 1983)); *see also Connick v. Thompson*, 563 U.S. 51, 60-61 (2011) ("Plaintiffs who seek to impose liability on local governments under § 1983 must prove that 'action pursuant to official municipal policy' caused their injury." (quoting *Monell*, 436 U.S. at 691)). "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick*, 563 U.S. at 60-61; *Kosmidis v. Port Auth. of New York & New Jersey*, No. 18-CV-8413 (AJN), 2021 WL 4442812, at *6 (S.D.N.Y. Sept. 28, 2021) ("The official policy requirement, meanwhile, may be met by showing 'a practice so persistent and widespread, or permanent and well settled[,] as to constitute a custom or usage with the force of law and to imply the constructive knowledge of policymaking officials,' or by 'a failure to train or supervise subordinates amount[ing] to deliberate indifference to the rights of those with whom [the municipality's employees] come into contact.'" (quoting *Felix v. City of New York*, 344 F. Supp. 3d 644, 653 (S.D.N.Y. 2018)).

### A.    Failure to Protect

In terms of Plaintiff's constitutional rights, as a pre-trial detainee, Plaintiff's claims

for failure to protect and deliberate indifference arise under the Fourteenth Amendment.[5]

As explained by the court in *Villar v. Cty. of Erie*, No. 13-CV-467S, 2020 WL 33125,

(W.D.N.Y. Jan. 2, 2020):

> "[A] pretrial detainee's claims of unconstitutional conditions of confinement
> arise under the Due Process Clause of the Fourteenth Amendment." *Darnell*
> [*v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017)] (citations omitted). Because
> pretrial detainees, unlike convicted prisoners, "cannot be punished at all,
> much less maliciously and sadistically," "there is no basis for the reasoning
> . . . that the subjective intent requirement for deliberate indifference claims
> under the Eighth Amendment, as articulated in *Farmer*, must apply to
> deliberate indifference claims under the Fourteenth Amendment." *Id.* at 34-
> 35 (citing *Kingsley v. Hendrickson*, __ U.S.__, 135 S. Ct. 2466, 2472-
> 73[](2015)).

> In the Second Circuit, therefore, a pretrial detainee can establish a
> defendant's deliberate indifference even when the defendant merely should
> have known of the serious risk to the detainee. *Starkes* [*v. Annucci*, No. 1:19-
> CV-7270 (CM), 2019 WL 6051445, at *2 (S.D.N.Y. Nov. 13, 2019)] (citing
> *Darnell*, 849 F.3d at 35). This analysis applies to failure to protect claims,
> just as it does to claims pertaining to conditions of confinement. *Taylor v.
> City of New York*, No. 16-CV-7857 (NRB), 2018 WL 1737626, at *12
> (S.D.N.Y. Mar. 27, 2018) ("Although *Darnell* involved a Fourteenth
> Amendment challenge to a prisoner's conditions of confinement, its holding
> applies with equal measure to failure to protect claims.").

---

[5]    Plaintiff's argument that the Eighth Amendment standard applies to his claims is
error. *Busch v. Howard*, No. 1:20-CV-01515, 2021 WL 2946532, at *6 (W.D.N.Y. July
14, 2021) ("A pretrial detainee's claims of unconstitutional conditions of confinement are
governed by the Due Process Clause of the Fourteenth Amendment, rather than the Cruel
and Unusual Punishments Clause of the Eight[h] Amendment." (quoting *Darnell v.
Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017)); *Hollins v. S. Burlington Police Dep't*, No. 2:18-
CV-151, 2020 WL 1033335, at *7 (D. Vt. Mar. 3, 2020) ("Plaintiff cannot state a claim for
an Eighth Amendment violation stemming from his arrest on December 16, 2017 because
he was a pre-trial detainee at that time.").

*Id.* at *3-4.

Plaintiff alleges that Erie County did not adhere to its own policies of care, custody and control to provide sufficient supervision to the inmates.  He cites to several provisions of the Policy and Procedures Manual of the Erie County Sheriff's Office Jail Management Division in support of his contention.  (Dkt. 78-9 at 2-47).  For example, he contends that the policy "[t]o provide quality care, custody and control of individuals, newly arrested or committed to the Sheriff of Erie County.  To ensure all legal and constitution requirements are upheld for all individuals in a safe, secure, humane environment."  (*Id.* at 2).  In addition, he contends that the policy for officers to maintain uninterrupted personal visual observation of inmates was ignored.  (*Id.* at 13).  Pursuant to policy, officers are to be able to have the uninterrupted ability to communicate with each prisoner unaided by any electronic or artificial amplifying device, (*id.* at 3), which Plaintiff contends was violated. Plaintiff argues that violation of these policies, which require continued occupation of a security post and personal visual observation of inmates, allowed for the assault on Plaintiff to occur and to delay any remedy being provided to Plaintiff, amounting to a constitutional violation.

In addition, as further evidence, Plaintiff cites to a July 15, 2009 letter from Acting Attorney General Loretta King (the "King Letter") to support his claim that Erie County was on notice of inmate-on-inmate violence at the Correctional Facility beyond just Plaintiff's own personal incident.  (Dkt. 78-1 at 2051).  As summarized by another judge in this District:

> The [King] letter reports extensively on the DOJ's two–year investigation into confinement conditions at Erie County Holding Center and Erie County Correctional Facility.   The findings in the letter are, without a doubt, disturbing.   To summarize, the letter contains detailed allegations that officials at both facilities failed to prevent staff from inflicting serious physical and sexual abuse on inmates, failed to protect inmates from serious harm inflicted by other inmates, failed to provide adequate mental health and medical services to inmates, and failed to correct maintenance problems that posed a serious risk of harm to inmates.

*Anderson v. Buie*, No. 12-CV-6039-FPG, 2015 WL 9460146, at *14 (W.D.N.Y. Dec. 23, 2015); *see also Villar*, 2020 WL 33125, at *7 (relying in part on the King letter to find that plaintiff had adequately alleged the existence of a policy or custom to disregard constitutional violations sufficient to support a claim for municipal liability against Erie County).   Erie County urges the Court to not permit Plaintiff to rely on the King Letter because it was not expressly pleaded in his complaint.   However, the Court finds that in light of Erie County's clear awareness of the document and lack of resulting prejudice, the letter in tandem with the evidence put forth by Plaintiff establishes the existence of genuine issues of material fact sufficient for this claim against Erie County to survive summary judgment.

## B.      Failure to Train

Plaintiff alleges what he delineates as a "municipal liability"[6] claim against defendants Erie County, Sheriff Howard, Diina, Kania, Sundberg, Lates, Yetzer, Roberts,

---

[6]      Notwithstanding Plaintiff's designation of the claim, a claim for "[m]unicipal liability is 'an extension of liability, not an independent cause of action, and therefore requires an underlying constitutional violation.'" *Romney v. Black*, No. 14CV4512JMASIL, 2017 WL 1317011, at *5 (E.D.N.Y. Mar. 31, 2017) (quoting *Soto v. City of New York*, 132 F. Supp. 3d 424, 459 (E.D.N.Y. 2015).   Because the claim contains

and Zozaczka.  In this claim, in addition to alleging that the officers on duty failed to protect Plaintiff pursuant to a policy, custom, and practice, he also alleges that they failed to take adequate measures to train and supervise officers.

As noted above, because Plaintiff has sued the individual defendants only in their official capacity, this claim against the individual defendants is also subject to dismissal. *Phillips,* 894 F. Supp. 2d at 385.

Similarly, because the claims against Erie County survive as set forth above, so too does the fifth cause of action.  To the extent this claim also asserts a failure to train in addition to the allegations concerning a failure to protect, the Court concludes that it too is sufficient to resist summary judgment.  "[T]o succeed on a theory of liability based on a failure to supervise, discipline, or train, a plaintiff must establish the requisite 'deliberate indifference' by (1) 'offer[ing] evidence from which a reasonable jury could conclude that a policy-maker knows to a moral certainty that her employees will confront a given situation;' (2) 'show[ing] that the situation either presents the employee with a difficult choice of the sort that training or supervision will make less difficult or that there is a history of employees mishandling the situation;' and (3) 'show[ing] that the wrong choice by the city employee will frequently cause the deprivation of a citizen's constitutional rights.'" *Kosmidis*, 2021 WL 4442812, at *7 (quoting *Green v. City of N.Y.*, 465 F.3d 65, 80-81 (2d Cir. 2006)).  Here, genuine issues of material fact preclude resolution of whether

---

additional allegations regarding a failure to train, the Court will not dismiss the claim as duplicative at this time.

a reasonable jury could conclude that Erie County knew to a moral certainty that its employees would be confronted with inmate violence, that different training could help avoid the situation, and that improperly handling such situations will frequently result in the deprivation of an inmate's constitutional rights.  For these reasons, summary judgment is denied as to this claim against Erie County.

### C.     Failure to Intervene

Plaintiff asserts a failure to intervene claim against defendants Erie County, Sheriff Howard, Diina, Kania, and Sundberg.  Plaintiff contends that these defendants were within a few feet of the assault on Plaintiff by Thomas and did not take steps to protect Plaintiff from the assault.

"The Second Circuit has recognized that 'all law enforcement officials have an affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence.'" *Scoma v. City of New York,* No. 16CV6693KAMSJB, 2021 WL 230295, at *11 (E.D.N.Y. Jan. 22, 2021) (quoting *Anderson v. Branen*, 17 F.3d 552, 557 (2d Cir. 1994)), *report and recommendation adopted*, No. 16CV6693KAMSJB, 2021 WL 1784385 (E.D.N.Y. May 4, 2021).  Where an officer sees or has reason to know of wrongful conduct and has a reasonable opportunity to intervene but opts not to exercise that choice, liability may attach. *Id.*;  *Nix v. Lester*, No. 916CV00828FJSTWD, 2017 WL 3610576, at *5 (N.D.N.Y. Aug. 4, 2017)( "To establish liability on the part of a defendant for failure to protect or intervene, 'the plaintiff must adduce evidence establishing that the officer had (1) a realistic opportunity to intervene and prevent the harm, (2) a reasonable person in the officer's

position would know that the victim's constitutional rights were being violated, and (3) that officer does not take reasonable steps to intervene.'"); *report and recommendation adopted*, No. 916CV828FJSTWD, 2017 WL 3601239 (N.D.N.Y. Aug. 21, 2017).

As noted above, because Plaintiff has sued the individual defendants only in their official capacity, this claim against the individual defendants is also subject to dismissal. *Phillips*, 894 F. Supp. 2d at 385.

Similarly, because the claims against Erie County survive as set forth above, so too does the fourteenth cause of action.  Genuine issues of material fact exist as to whether Erie County had a policy for its officers to fail to intervene and protect inmates from harm from other inmates, even when presented with reasonable opportunities to do so.

For these reasons, Plaintiff's claims arising pursuant to 42 U.S.C. § 1983 are dismissed as to all of the Moving Defendants except for Erie County.

## IV.   <u>Respondeat Superior/Vicarious Liability</u>

Plaintiff alleges a claim entitled Respondeat Superior/Vicarious Liability against defendants Erie County, Sheriff Howard, Diina, Kania, Sundberg, Lates, Yetzer, Roberts, and Zozaczka.  (Dkt. 1-1 at ¶¶ 64-68).  In it, he alleges that Erie County, Sheriff Howard, and Diina were responsible for the training and supervision of defendants Kania, Sundberg, Lates, Yetzer, and Zozaczka, who acted within the scope of their employment when disregarding Plaintiff's safety.

The allegations in this cause of action are duplicative of the allegations made in Plaintiff's other claims, but more importantly, cannot state a stand-alone cause of action. In *Busch v. Howard*, No. 1:20-CV-01515, 2021 WL 2946532, at *4 (W.D.N.Y. July 14,

2021), the court explained that "[r]espondeat superior is not an independent cause of action, but a theory that must attach to an underlying claim[,]" and accordingly, a party could not assert a stand-alone claim for respondeat superior.  (quoting Alexander v. Westbury Union Free Sch. Dist., 829 F. Supp. 2d 89, 112 (E.D.N.Y. 2011) and citing Biswas v. City of New York, 973 F. Supp. 2d 504, 540 (S.D.N.Y. 2013) ("Under New York law, respondeat superior 'does not stand alone as a substantive cause of action.'") (citation omitted)); Biberaj v. Pritchard Indus., Inc., No. 08 CIV. 07993 (PGG), 2009 WL 10738222, at *3 (S.D.N.Y. Sept. 28, 2009) ("The seventh cause of action, which asserts a claim for respondeat superior, will be dismissed.  Respondeat superior is a theory of liability and not a stand-alone cause of action. Plaintiff may pursue this theory, as appropriate, against Pritchard and Local 32BJ with respect to the causes of action that survive, but it will not proceed as a separate claim.").  The Moving Defendants' motion for summary judgment on this claim is granted.

## V.   **Punitive Damages**

Finally, the Moving Defendants move to dismiss Plaintiff's request for punitive damages.  On § 1983 claims, a municipality is immune from a claim for punitive damages, as are municipal officials sued in their official capacities.  Diamond Jewels v. Lewis, No. 15-CV-5760 (KAM)(ST), 2019 WL 5896224, at *27 (E.D.N.Y. Nov. 12, 2019). Accordingly, to the extent Plaintiff seeks punitive damages from the Moving Defendants in connection with his § 1983 claims, he is precluded from recovering them on those claims.

With respect to a negligence claim, "[a]n award of punitive damages under New York law is 'appropriate where the wrongdoer's actions amount to willful or wanton negligence, or recklessness, or where there is "a conscious disregard of the rights of others or conduct so reckless as to amount to such disregard."'" *Diamond Jewels*, 2019 WL 5896224, at *27 (citation omitted). "[S]ummary judgment on the issue of punitive damages is inappropriate where there is enough evidence to permit the jury to find that defendants acted with wanton and reckless or malicious intent." *Id.* Because Plaintiff's negligence claim survives as to defendants Roberts and Zozaczka, the Court will defer on the issue of punitive damages as to that claim at this time.

## CONCLUSION

For the foregoing reasons, the Moving Defendants' motion for summary judgment and judgment on the pleadings (Dkt. 75) is granted in part and denied in part, as follows: Plaintiff's first and sixteenth causes of action for negligence are dismissed as to Erie County, Sheriff Howard, Diina, Kania, Sundberg, Lates, and Yetzer; Plaintiff's second, third, fifth, and fourteenth causes of action pursuant to § 1983 are dismissed as to all Moving Defendants except Erie County; Plaintiff's sixth cause of action for *respondeat superior* is dismissed; and Plaintiff's request for punitive damages is dismissed as to his § 1983 claims but deferred with respect to his claims for negligence. Because all of Plaintiff's claims against Sheriff Howard, Diina, Kania, Sundberg, Lates, and Yetzer are dismissed, the Clerk of Court is directed to terminate them from the docket.

- 22 -

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:        September 30, 2021
              Rochester, New York